## Hartford Steam Boiler Inspection & Insurance Co. et al. v. City of Philadelphia et al.

*William A. Schnader*, for plaintiff.

*Francis F. Burch*, for defendants.

*John H. Maurer*, for County of Philadelphia.

FLOOD, J., March 2, 1940.—Plaintiffs in this case by their bill in equity seek to enjoin defendant city and its officers from enforcing the provisions of the Act of May 7, 1864, P. L. 880, 53 PS §§3561-3564, and the Act of March 11, 1891, P. L. 5, 40 PS §§852-860, or any other act authorizing the city to regulate, inspect, or certify boilers or regulating the issuance of policies of insurance thereon, and from enforcing any ordinance or municipal regulation adopted pursuant to any such act.

The city for many years has been inspecting boilers and regulating and fixing minimum premiums for boiler insurance under the authority of the above-mentioned acts. By the Act of May 2, 1929, P. L. 1513, 35 PS §1301 et seq., the State took over the inspection and regulation

of boilers, but cities of the first class were exempted from the operation of the act. By the amendment of June 5, 1937, P. L. 1662, 35 PS §1301 et seq., this exemption was removed and the inspection and regulation of boilers in cities of the first class was also assumed by the State. Plaintiffs claim that the State has thereby occupied the field and that the Acts of 1864 and 1891, supra, were repealed by the Act of 1937 which, while not mentioning these two acts, provides in its repealing clause that "All acts and parts of acts, general, local or special, inconsistent with or supplied by this act, are hereby repealed."

The city does not deny any of the averments of the bill and does not attempt to show that the inspection of boilers is not being carried out by the State in a manner suitable to a city of the first class or that there are any special circumstances requiring any special provisions for the city.

In our opinion, the repealer above quoted in the Act of 1937 specifically repeals the Acts of 1864 and 1891, and, therefore, the ordinances based upon these acts must fall with them.

The Act of 1864, that of 1891, and the ordinances based upon them would have been repealed, in any event, by implication by the Act of 1937, since there is an inherent incompatibility between them. The Act of 1937 established a general system of boiler inspection throughout the Commonwealth and the Act of 1929, supra, created a separate and independent administrative agency to administer this system and to prescribe rules and regulations. This is entirely incompatible with the previous acts and the ordinances based thereupon which created a special system for Philadelphia with a separate administrative agency to enforce it.

This case is indistinguishable in principle from the case of Girard Trust Co. et al. v. Philadelphia et al., 336 Pa. 433 (1939), which involved the inspection of elevators. It is unnecessary to list the points made in the clear and exhaustive opinion of Judge Alessandroni which was affirmed per curiam by the Supreme Court. Since the

hearing in this case was upon bill and answer we need not make any findings of fact or conclusions of law but shall proceed to enter a

## Decree nisi

And now, to wit, March 2, 1940, it is ordered, adjudged, and decreed that the City of Philadelphia and its officers, deputies, servants, and employes are enjoined and restrained from regulating, inspecting, or certifying boilers or regulating the issuance of policies of insurance thereupon; from requiring any forms or reports relating to the inspection of any boiler insured by any of the plaintiffs or any certificate regarding the premiums paid on insurance on any such boiler to be filed with any office or agency in the City of Philadelphia; and from requiring any fee to be paid to the City of Philadelphia or any officer thereof; and it is hereby decreed that the City of Philadelphia is divested of all power and authority to inspect boilers within its corporate limits, to collect charges therefor or to issue certificates of inspection therefor.

## Opinion sur exceptions

FLOOD, J., May 3, 1940.—The city took no exceptions to the decree nisi in the above case nor did any of the other defendants except defendant Betz. The question, whether Mr. Betz has any right individually to take exceptions or whether the discretion in such matters rests with the executive head of the city and the city solicitor is an interesting one. However, in view of the fact that we find no merit in any of the exceptions we need not decide it.

"Exceptant" has failed to convince us that the case is not governed by Girard Trust Co. et al. v. Philadelphia et al., 336 Pa. 433 (1939), upon which we relied in our original opinion.

■ ■ Exceptant contends that the Act of June 5, 1937, P. L. 1662, violates article III, sec. 27, of the Constitution, providing that:

"No State office shall be continued or created for the inspection or measuring of any merchandise, manufac-

ture or commodity, but any county or municipality may appoint such officers when authorized by law."

The phrase "any merchandise, manufacture or commodity" appears to us clearly to refer to goods which are for sale. The fact that the Constitution refers to "inspection *or measuring*" again indicates that the regulation of selling was in the minds of the framers of the Constitution. "Merchandise" certainly is matter for sale, as is a "commodity", and in view of this we cannot give the word "manufacture", which is sandwiched between the two, a broader interpretation. The two cases which plaintiff cites, Kucker v. Sunlight Oil & Gasoline Co., 230 Pa. 528 (1911), and Commonwealth ex rel. v. McKeesport Wharfboat Co., 11 Dist. R. 215 (Allegh. Co., 1902), have to do with inspection of goods for sale; in the one case coal and petroleum and in the other, cheese. In both cases the inspection was to be made before the sale of those articles. This provision has nothing to do with the inspection of such things as boilers or elevators after they have been sold, installed, and in use.

■ The act does not violate article III, secs. 7 and 8, of the State Constitution nor the Fourteenth Amendment to the Federal Constitution in improperly classifying its subject matter or in its exemptions. Excluding boilers in instrumentalities over which the Federal Government has jurisdiction, or excluding boilers where the pressure is not more than 15 pounds per square inch, provided they are equipped with an approved safety device, or excluding boilers in private homes while covering those in places of business or entertainment or in schools all seem to be reasonable classifications. Certainly whether or not the act shall include or exclude such items is for the legislature and not for the court to determine.

■ We need not decide whether the act violates article III, sec. 20, of the Constitution, prohibiting the delegation of the performance of a municipal function to a private corporation. Exceptant argues that the provision for inspection of boilers by approved insurance companies vio-

lates this section. It is to be noted that this method of inspection has been in use in Philadelphia under legislative sanction, at least as to one of the plaintiffs, since before the adoption of the Constitution: Act of July 7, 1869, P. L. 1279. However, even if this provision for inspection by insurance companies were to be stricken down, the balance of the Act of 1929, as amended by the Act of 1937, would stand. In spite of the striking down of this provision we would have to hold that the State has fully occupied the field and that the city ordinance falls.

The same thing is true with regard to plaintiff's argument as to the variation in fees. We do not believe that these variations are invalid under article IX, sec. 2, of the Constitution, providing for uniformity of taxation upon the same class of subjects. But even if they are, the rest of the act would stand and exceptant's cause would not be advanced.

■ Nor are we impressed by the argument that the ordinance is not superseded by the Act of 1937. Not only does the Act of 1937 expressly repeal the Act of 1864 from which the ordinance draws its vitality, but it completely occupies the field and excludes the city therefrom: Girard Trust Co. et al. v. Philadelphia et al., supra.

"Exceptant" has cited a number of instances in which there have been serious explosions caused by boilers of pressures less than 15 pounds per square inch. He has stated that such boilers are installed in some of the largest office buildings and apartment houses in the city. However, he has not indicated whether the boilers which exploded were equipped with approved safety devices nor has he pointed to anything which would justify this court in declaring as a matter of law that the legislature's classification was arbitrary. Whether these boilers should be inspected as a matter of public health and safety is a consideration that must be addressed to the legislature and not to the court.

The exceptions are dismissed and the decree is confirmed absolutely.