# Kucker *v.* Sunlight Oil & Gasoline Company, Appellant.

*Constitutional law—Statutes—Delay in raising question as to constitutionality.*

1. While a court should hesitate to declare a statute unconstitutional until clearly satisfied of its invalidity, and where it has been on the statute books for many years the hesitation should be all the greater, yet, if such an act is plainly in conflict with the organic law of the state, old age cannot give it life, and when the issue of its constitutionality is properly raised, it must be declared void.

*Constitutional law—Inspection of merchandise—Oil—State offices—Article III, sec. 27, of the constitution—Act of May 15, 1874, P. L. 189.*

2. The Act of May 15, 1874, P. L. 189, entitled, "An Act for the better security of life and property from the dangers of coal and petroleum oils" and providing for the inspection of oils, and the appointment of inspectors, violates sec. 27 of art. III of the constitution which provides that "no state office shall be continued or created for the inspection or measuring of any merchandise, manufacture or commodity, but any county or municipality may appoint such officers when authorized by law."

3. Even if the act should not be construed as establishing a system of state inspection, and should be construed as an attempt to provide for county inspection, it would infringe the prohibition against local and special laws contained in sec. 7, art. III, of the constitution, and would contravene sec. 5 of art. XIV, which provides that in counties containing over 150,000 inhabitants, county officers shall be paid by salary, and not by fees.

*Equity—Costs—Constitutional law—Division of costs.*

4. Where in an equity suit the only question involved is the constitutionality of a statute, and it appears that the constitutionality of the statute had never been challenged before, and that the defendant had acquiesced in its validity for many years, the Supreme Court in reversing a decree of the court below upholding the constitutionality of the act, will direct that the costs shall be divided.

Argued Jan. 10, 1911. Appeal, No. 230, Jan. T., 1910, by defendant, from decree of C. P. No. 4, Phila. Co., March T., 1908, No. 4,249, on bill in equity in case of George W. Kucker v. Sunlight Oil & Gasoline Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Bill in equity for an injunction. Before WILLSON, J.

The facts appear by the opinion of the Supreme Court. The court entered the following decree:

And now, to wit, June 30, 1910, the above case having been heard on bill, answer, replication and proof, the court do order and decree that an injunction issue forthwith ordering and directing the defendant, its agents and servants not to sell or offer for sale or dispose of, for use in the commonwealth of Pennsylvania, any oil for illuminating purposes, benzine or naphtha which has not been duly inspected by the plaintiff and further ordering and direct-

ing the defendant not to place any brands on any packages containing oil in this county certifying that the same has been inspected or that the same is of a certain fire test unless the same shall have been duly inspected in this county by the plaintiff.

*Error assigned* among others was the decree of the court.

*Ruby R. Vale,* with him *Albert Smith Faught,* and *Avery D. Harrington,* for appellant.—The Act of May 15, 1874, P. L. 189, is unconstitutional in that it violates sec. 7 of art. III of the constitution of the commonwealth of Pennsylvania, that "the general assembly shall not pass any local or special law . . . . regulating the affairs of counties . . . ." or "creating offices or prescribing the powers or duties of officers in counties:" Ruan Street, 132 Pa. 257; Lloyd v. Smith, 176 Pa. 213; Davis v. Clark, 106 Pa. 377; Morrison v. Bachert, 112 Pa. 322; Sample v. Pittsburg, 212 Pa. 533; Seabolt v. Commissioners, 187 Pa. 318; Com. v. Gilligan, 195 Pa. 504; Com. v. Patton, 88 Pa. 258; Scowden's App., 96 Pa. 422; Bell v. Allegheny County, 149 Pa. 381; Scranton v. Silkman, 113 Pa. 191; Townsend v. Wilson, 7 Pa. C. C. Rep. 101; Miller v. Cunningham, 7 Pa. C. C. Rep. 500; Ayars' App., 122 Pa. 266; McCarthy v. Com., 110 Pa. 243.

The Act of May 15, 1874, P. L. 189, is unconstitutional in that it violates the requirements of sec. 5, art. XIV, of the constitution of the commonwealth of Pennsylvania, that "in counties containing over one hundred and fifty thousand inhabitants all county officers shall be paid by salary:" Philadelphia v. McMichael, 208 Pa. 297; Morrison v. Bachert, 112 Pa. 322; McCleary v. Allegheny Co., 163 Pa. 578; Com. v. Collier, 213 Pa. 138; Nissley v. Lancaster County, 215 Pa. 562; Hower v. Wayne County, 21 Pa. C. C. Rep. 289; Com. v. Oellers, 140 Pa. 457; Taggart v. Com., 102 Pa. 354; Porter v. Shields, 200 Pa. 241; Butcher v. Philadelphia, 21 Pa. C. C. Rep. 459; Melvin v. Summerville, 210 Pa. 41.

The act of May 15, 1874, is unconstitutional in that it violates the requirement of sec. 3, art. III, of the constitution of the commonwealth of Pennsylvania, that "no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title:" Philadelphia v. Ry. Co., 142 Pa. 484; Phœnixville Borough Road, 109 Pa. 44.

The court has power now to determine the unconstitutionality of the Act of May 15, 1874, P. L. 189: Com. v. Hazen, 207 Pa. 52; Orkney St., 194 Pa. 425; Hilliard v. Enders, 196 Pa. 587; Gallagher v. MacLean, 193 Pa. 583; Franklin v. Hancock, 18 Pa. Superior Ct. 398; Com. v. Ayers, 17 Pa. Superior Ct. 352.

*Edwin O. Michener* and *Preston K. Erdman,* for appellee.—The act is not local: Hower v. Wayne Co., 21 Pa. C. C. Rep. 289; In re Registration of Campbell, 197 Pa. 581.

The office of oil inspector is not a county office: Knisely v. Cotterel, 196 Pa. 614; Phila. v. Martin, 125 Pa. 583; Schuylkill Co. v. Pepper, 182 Pa. 13; Bartley v. Patton, 19 Phila. 496; Sheboygan v. Parker, 70 U. S. 93; Butler's App., 73 Pa. 448; Allen's App., 81* Pa. 302; Com. v. Wickersham, 90 Pa. 311; Renick v. Boyd, 99 Pa. 555; Pardee's App., 100 Pa. 408; Bucher v. Com., 103 Pa. 528; Monongahela Bridge Co. v. Railway Co., 114 Pa. 478.

OPINION BY MR. JUSTICE MOSCHZISKER, February 27, 1911:

The plaintiff filed a bill in equity praying that the defendant be restrained from selling or offering for sale any oils not duly inspected and branded in the county of Philadelphia, and from placing any brands on packages in that county certifying that the contents had been inspected, or that the oils were of a certain fire test, unless the plaintiff had made an inspection of the same; and further praying that the defendant be decreed to render an account for all oils sold by it in said county during the

period of the plaintiff's incumbency of office, and to pay the fees which would have been chargeable by the plaintiff against the defendant for testing, inspecting and branding such oils. The bill avers that the plaintiff was appointed inspector of oils by the mayor of the city of Philadelphia, on October 21, 1907, under the provisions of the Act of May 15, 1874, P. L. 189; that the defendant is a corporation engaged in the said city, "in keeping in store for sale and consumption, and in selling coal oil . . . . and other manufactures of refined oil from crude petroleum, . . . .;" that it sells such oils without inspection and branding as required by the act of assembly; and that the defendant has refused to permit a test of the oils sold by it or to pay the plaintiff his fees.

For the purposes of the present appeal it is sufficient to say that the answer admits the appointment of the plaintiff as oil inspector, but avers that the act of May 15, 1874, supra, is unconstitutional, and therefore not binding upon the defendant; it denies that the defendant ever prevented or endeavored to prevent the plaintiff from making inspections, but insists that no such right exists owing to the unconstitutionality of the act; and it avers that the fees have not been paid because of this invalidity of the act under which they are claimed.

The act in question deals with the inspection of coal and petroleum oils. Section 1 forbids the sale "within the limits of the Commonwealth of Pennsylvania" of any such oils "the fire test of which shall be less than 110 degrees Fahrenheit;" sec. 2 provides that the test "shall be determined by inspectors appointed under the provisions of this Act," and states precisely how such tests shall be made; sec. 3 provides for the appointment of inspectors, confining them to counties "wherein said . . . . oils . . . . are manufactured;" sec. 4 provides for the term of office of the inspectors and for the appointment of deputies; that they shall be paid out of fees, and fixes such fees; and it further defines the powers and duties of the inspectors and gives them the right to make inspections in

counties where such oils are not manufactured, and the privilege to make re-inspections; sec. 5 provides for violations of the act and punishments; sec. 6, for seizures in certain instances; sec. 7 inflicts penalties on inspectors violating the act; sec. 8 provides how packages shall be branded; and sec. 9 exempts oils manufactured for export.

The pleadings below and the assignments of error here, raise the issue of the constitutionality of this act; and no question of jurisdiction was raised or mooted in either court. The trial judge disposed of all the constitutional points in the case by saying: "If this were a recent piece of legislation there might be found . . . . a sufficient basis for holding the act invalid. However, it is now more than thirty-five years since the statute was passed, and it has been acted upon without attack, and has been under construction by the courts at various times during that period. I am of the opinion that, applying the law found in Sugar Notch Borough, 192 Pa. 349, it is my duty to consider any radical defects such as the defendant relies on, if they exist, to have been cured, or, at least, to regard the question raised as too belated and stale to entitle it to consideration at the present time." It is apparent that the learned court below misconceived the Sugar Notch Borough case. While a court should hesitate to declare a statute unconstitutional until clearly satisfied of its invalidity, and where it has been on the statute books · for many years the hesitation should be all the greater, yet, if such an act is plainly in conflict with the organic law of the state, old age cannot give it life, and when the issue of its constitutionality is properly raised, it must be declared void. We have never ruled to the contrary. In Com. v. Hazen, 207 Pa. 52, an act was declared unconstitutional after it had been on the books for thirty-two years, and in Orkney Street, 194 Pa. 425, after thirty-three years; and many other like instances could be cited. Although the fact that the act of 1874 has been before this court on several occasions must be given serious consideration in questioning its constitutionality, yet, since that

issue was not raised in any of those cases, it cannot be considered as adjudicated. Therefore, so far as our decisions were concerned, the question was an open one for the court below.

· Section 27 of art. III of the constitution provides: "No State office shall be continued or created for the inspection or measuring of any merchandise, manufacture or commodity, but any County or municipality may appoint such officers when authorized by law." Inspection is, "Something which can be accomplished by . . . ., weighing or measuring the thing to be inspected, or applying to it at once some crucial test:" People v. Compagnie Generale Transatlantique, 107 U. S. 59. When we look at sec. 2 of the act under consideration there can be no question but that it provides for an inspection within the meaning of the constitution; and sec. 3 provides in terms, "The said inspector shall be appointed by the courts of common pleas, one in each county of the Commonwealth wherein said . . . . oils . . . . are manufactured; Provided, That in any county where there shall be more than one court of common pleas, the said appointments shall be made by court number one in said counties, and in any county wherein is situate a city of more than three hundred thousand inhabitants, in such case in lieu of court number one, the appointment of inspector shall be made ·by the Mayor of said city."

Should we view the act in the light of an attempt to provide for county inspections as authorized in the constitution, then material parts of it infringe the prohibition against local and special laws contained in sec. 7, art. III, of that instrument. After, in the first section, defining a crucial test, and making the statute apply not only to the counties wherein such oils are manufactured, but to all places where they are "sold or offered for sale" throughout the Commonwealth, and in the second section expressly providing that such test "shall be determined by inspectors appointed under the provisions of this Act," the third section confines the appointment of the inspectors

to a restricted class of counties, viz., those "wherein said oils . . . . are . . . . manufactured;" then, in dealing with the method of making the appointments, it attempts to differentiate such counties. The effect of this is to localize the legislation, for the proposed classification is inelastic; it does not depend upon population but upon purely artificial conditions to bring other counties within its limits; and neither it nor the differentiation, or sub-classification, is founded upon any real distinctions in the subjects classified. More than this, since the benefits of the legislation were intended for every county in the state, there is no apparent reason to support the classification. Again, if we regard the persons who are to make the inspection as county officers, the application of the act to the facts in this case contravenes sec. 5 of art. XIV of the constitution, which provides that in counties containing over 150,000 inhabitants such officers shall be paid by salary and not by fees. However, it is not necessary to discuss these points for we are of opinion that the intention was not to authorize inspection by counties, but to provide a state inspection by state officers.

If the constitution permitted such inspection, the inspectors being agents of the state, we might consider the method of their appointment a matter of detail, which, though not general and uniform, would not avoid the act: Knisely v. Cotterel, 196 Pa. 614. But the trouble is that the statute is right in the teeth of the prohibition against state inspection of merchandise, manufactures or commodities. It may be that this provision of the constitution has outlived its usefulness and that it is contrary to the tendency of the times, but the question of its abandonment is for the legislature and the people, and not for us. We must construe the law as we find it, and the constitution says in plain words that there shall be no such state inspection as provided for in the act which the plaintiff depends upon to support the relief granted by the court below. This being so, we have no choice but to reverse the decree and dissolve the injunction.

The act in question having been upon the statute books since 1874, its constitutionality never having been challenged before, and the defendant having acquiesced in its validity for many years, we deem it just that the costs should be divided.

The first assignment of error is sustained, the final decree is reversed, and the injunction thereby granted is dissolved. The appellant and the appellee to divide the costs.