Ex parte A. H. BALES.

No. A-7276. Opinion Filed Feb. 9, 1929.
(274 Pac. 485.)

Mathers & Mathers, for petitioner.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petitioner alleges that he is unlawfully restrained of his liberty in the county jail by the sheriff of Oklahoma county; that the cause of said restraint is that a prosecution for murder upon a preliminary information was instituted before a justice of the peace of Oklahoma City and petitioner was held thereunder without bail; that the prosecution attempted to be carried on against him is under the provisions of chapter 2, Session Laws 1923, and that the same is unconstitutional, and the restraint of petitioner therefore illegal.

Chapter 2, Session Laws 1923, is as follows: "Section 1. Any person who sells, gives away, or otherwise furnishes any liquor, preparation or compound, for beverage purposes, and which results in death, shall be guilty of murder."

The preliminary complaint alleges that petitioner, on a named date, did sell and furnish to one E. J. Vernier certain intoxicating liquor, to wit, whisky, for beverage purposes, and which whisky so furnished resulted in the death of said Vernier.

Twenty-two reasons are assigned why this act is unconstitutional and void. Various of these reasons require no discussion. Several of them, however, are directed to the contention that this act is vague and uncertain and is an attempt to make, what might be an entirely innocent act, criminal. The constitutionality of this statute was presented to this court in case of Ex parte Lucas, 33 Okla. Cr. 407, 243 P. 990, but that case was disposed of on a question of jurisdiction and the constitutionality of the act was not expressly determined. The court did say, however, that it would require a construction in the nature of judicial legislation to make the act effective, and that:

"As the statute now reads, if it were strictly construed, one who sold to another sweet cider might be guilty of murder. One might suffer death from drinking too much coffee, Coca-Cola, or buttermilk. It would be a cruel incongruity and injustice to adjudge one guilty of murder who, without any wrongful motive or intent, sold or gave to another an innocent beverage, the imbibing of which caused the death of such other. The court, then, must either read into the law what the Legislature intended, or declare it unconstitutional and void. A decision upon that point is unnecessary in this case, because of another point decisive of the petitioner's right to be freed on habeas corpus. But, in order to obviate diverse interpretations, this act should be clarified and made more specific by legislative amendment."

No other state, so far as we can learn, has a similar statute. Ohio has a law, section 4, Senate Bill No. 28 (Laws 1923, p. 49), as follows: "The term 'alcohol' shall mean ethyl alcohol. Whoever knowingly sells, furnishes or gives away wood alcohol or any preparation or compound containing wood alcohol or any intoxicating liquor to be used for beverage purposes and death results therefrom shall be guilty of murder in the second degree and shall be imprisoned in the penitentiary during life."

An act of the Illinois Legislature of 1923 (Laws 1923, p. 317), reads: "Section 1. Whoever knowingly and wilfully sells, barters or furnishes any wood alcohol, or any compound or preparation containing wood alcohol, or any poisonous liquor, to be used for beverage purposes, and death results from such use, shall be guilty of murder and punished accordingly."

It will be observed, however, that the acts of Ohio and Illinois specify the particular liquids or liquors which it is made unlawful to sell for beverage purposes, and in order to constitute the crime requires that the offender knowingly sell the poisonous liquor. Chapter 2, Session

Laws of Oklahoma 1923, supra, does not specify the particular liquor which may cause death, not even as the liquors, the sale of which is prohibited by the prohibitory laws of the state, or that they be poisonous. The word "liquor" in the general sense is a synonym of the word "liquid." Webster's New International Dictionary, among other definitions, defines it as: "Any liquid substance, as water, milk, blood, sap, juice, or the like; sometimes specif: Any beverage; as temperance liquors, or those not intoxicating.— * * * Specif, an alcoholic beverage, as brandy, wine, whisky, beer, etc.—often limited to such as are strong or distilled; as beer, wines and liquors."

It is, of course, the province of the Legislature to declare what shall constitute a crime, and the provisions of an act defining a crime are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice. Every reasonable presumption should be indulged consistent with the terms of an act of the Legislature to uphold its constitutionality, but to make an act innocent in itself criminal is inconsistent with the law. In re Ah Jow (C. C.) 29 F. 181; Proctor v. State, 15 Okla. Cr. 388, 176 P. 771; Park v. State, 42 Nev. 386, 178 P. 389; Ex parte Dees, 46 Cal. App. 656, 189 P. 1050.

The act under consideration does not designate any particular liquor, but is all-embracing and determines the crime solely from the result which follows the drinking of the beverage sold, regardless of the nature of the beverage or the intent with which it is sold or the knowledge of the sellers, actual or constructive, of any deleterious substance contained therein. The selling of beverages not within the inhibition of the prohibitory liquor law is a legal business. The state may not legislate against it except for protection of life, health, and the welfare of the citizens. In attempting to make criminal the sale of beverages, particularly to the extent of the highest crime

under our law, it would seem to be necessary that the beverage should be named or classified in some specific manner, or that the seller should have knowledge, actual or constructive, that the beverage sold contained some deleterious or poisonous substance. In both the Ohio and Illinois statutes, as just stated, it is required that the liquor be poisonous and that the offender shall sell knowingly. If such provision were in our law, a different question would be presented.

This act is unconstitutional. The writ is granted, and, unless the state desires to prosecute petitioner under some other statute, he will be discharged. In case the state desires to further prosecute under some other statute, he is remanded to custody of the sheriff for further proceedings as provided by law.

DAVENPORT and CHAPPELL, JJ., concur.