322 P.2d 703

STATE of Idaho, Plaintiff-Respondent,

v.

John PIGGE, Defendant-Appellant.

No. 8286.

Supreme Court of Idaho.

Dec. 24, 1957.

Rehearing Denied March 5, 1958.

Vernon K. Smith, Boise, for appellant.

Graydon W. Smith, Atty. Gen., T. J. Jones, Edward Aschenbrener, Asst. Attys. Gen., Richard H. Seeley, Prosecuting Atty., Jerome, for respondent.

KEETON, Chief Justice.

Appellant was charged in a criminal complaint with reckless driving of a motor vehicle on a public highway in violation of Sec. 49–503, I.C. The offense was alleged to have been committed September 15, 1953. By a jury verdict appellant was found guilty of negligent driving in violation of Ch. 256, 1951 S.L., p. 554 (since repealed by Ch. 273, 1953 S.L., p. 551, sec. 192). Judgment of conviction was entered and sentence imposed, from which judgment this appeal was prosecuted.

The court instructed the jury in the wording of Sec. 49–562A, 1951 S.L., c. 256, page 555 as follows:

"It shall be unlawful for any person to operate a motor vehicle in a negligent manner over and along the public highways of this state. For the purpose of this section to 'operate in a negligent manner' shall be construed to mean the operation of a vehicle upon the public highways of this state in such a manner as to endanger or be likely to endanger any persons or property.

"The offense of operating a vehicle in a negligent manner shall be considered to be a lesser offense than, but included in, the offense of operating a vehicle in a reckless manner, and any person charged with operating a vehicle in a reckless manner may be convicted of the lesser offense of operating a

vehicle in a negligent manner. Any person violating the provisions of this section shall be punished upon conviction in the same manner provided in section 49-562, Idaho Code."

■ In assignments of error appellant contends that this statute is unconstitutional and void for the alleged reason it is ambiguous and uncertain and fails to prescribe any comprehensive standard of negligent driving sufficient to constitute an offense, hence the instruction so given is erroneous.

The definition as contained in the legislative act here being considered, defines negligent driving to mean "the operation of a vehicle upon the public highways of this state in such a manner as to endanger or be likely to endanger any persons or property."

The statute does not specify or define any act or acts, either general or specific, covered by its terms and does not even require that the vehicle be driven or operated in a negligent, careless or unlawful manner. By the terms of the statute, the operation of a motor vehicle on a public highway could endanger or be likely to endanger a person or property without any act of commission or omission on the part of the driver recognized as criminal. The offense attempted to be defined covers many situations in which one driving a vehicle could endanger or be likely to endanger

persons or property without any negligence, carelessness or unlawfulness on the driver's part that would, under the statute, be criminal.

■ In creating an offense which was not a crime at common law, a statute must be sufficiently certain to show what acts the legislature intended to prohibit and punish. Operators of vehicles on a public highway have a right to know what acts are prohibited and condemned and what act or acts are to be avoided. Where the language in a statute is so general and indefinite as to embrace not only acts properly and legally punishable, but others not punishable, it will be declared void for uncertainty. Before a man can be punished, his case must be plainly and unmistakably within a statute. A statute that either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law. State v. Burns, 53 Idaho 418, 23 P.2d 731, 733; 14 Am.Jur. 773, sec. 19; 22 C.J.S. Criminal Law § 24, p. 70; 25 Rul.Case Law 812, sec. 64.

An extensive review of decisions and texts covering similar situations would unduly prolong this opinion, but we shall review a few authorities pertinent here.

In State v. Burns, supra, this Court reviewed a criminal statute which, among other things, provides:

"The statute in question provides that 'every attorney * * * who collects or receives any money * * * on any debt, claim or demand due to another person, and, upon demand made by said person to whom such debt, claim or demand is due, for the space of twenty days refuses or neglects to pay over said money * * * to such person making said demand, is guilty of grand or petit larceny according to the amount of money * * * so refused to be delivered over.'"

The Court in its opinion pointed out many situations which could, by the general language of the statute, be included within its terms and which could not and would not be criminal, and held:

"An act of the Legislature creating a statutory offense should define the acts necessary to constitute such offense with such certainty that a person may determine whether or not he has violated the law at the time he does the act, which is charged to be a violation thereof."

In State v. Lantz, 90 W.Va. 738, 111 S. E. 766, 26 A.L.R. 894, the Supreme Court of West Virginia held an act of the legislature making it a crime to operate a motor vehicle around a curve on a public road without having the vehicle under control, or without reducing the speed thereof to a reasonable and proper rate, to be void for uncertainty and indefiniteness, and further held an act of the legislature:

"creating a statutory offense, should define the acts necessary to constitute such offense with such certainty that a person may determine whether or not he has violated the law at the time he does the act, which is charged to be a violation thereof."

In Ex parte Bales, 42 Okl.Cr. 28, 274 P. 485, the Court held that a law making any person furnishing liquor which results in death, guilty of murder, is unconstitutional as too indefinite and uncertain to be enforceable. In that case the prisoner had been convicted and sentenced to the penitentiary, and was released on a writ of habeas corpus.

In State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527, the Supreme Court of New Mexico held a statute to be void for uncertainty attempting to create a criminal offense so general and indefinite as to embrace not only acts properly and legally punishable, but others which cannot be punished.

For collection of cases see: 22 C.J.S. Criminal Law § 24, p. 71, note 47.

For reasons given, we conclude the statute, Ch. 256, 1951 S.L. p. 554, is unconstitutional and void for uncertainty.

In view of what has been said, it is unnecessary to consider or discuss the assign-

534

ment which challenges the sufficiency of the title to the act of defining negligent driving (Ch. 256, 1951 S.L. 554).

The contentions of appellant that the criminal complaint fails to sufficiently charge the crime of reckless driving, that the court lost jurisdiction to try appellant because he was not afforded a speedy trial, that the evidence is insufficient to sustain the charge of reckless driving have been considered. These assignments and contentions are without merit and will not be discussed.

The instruction complained of is erroneous, there being at the time of the alleged offense no such crime as negligent driving. The defendant, by verdict, having been found guilty of a non-existent crime, the judgment of conviction is reversed and the cause remanded with instructions to grant appellant a new trial on the charge of reckless driving.

PORTER, TAYLOR, SMITH and Mc-QUADE, JJ., concur.

On Petition for Rehearing

KEETON, Chief Justice.

After the release of the above opinion, appellant filed a petition for rehearing, contending that the cause should not be remanded for a new trial, but should be ordered dismissed.

On considering the petition, the Court requested respondent and its attorneys to file a brief covering the contention advanced by appellant in the petition for rehearing.

In response to this request, the attorney general filed a statement that he concurred with the authorities cited and "joins with appellant-defendant's prayer in his petition and declines to plead further in the matter".

Under the circumstances above presented, we see no reason for not deciding the matter without further briefing or hearing. We do not decide the legal question presented by the petition.

The rehearing is denied. The opinion so filed and released on December 24, 1957, is therefore corrected in the following particulars: The judgment is reversed and the cause remanded with instructions to the trial court to dismiss the action.

PORTER, TAYLOR, SMITH and Mc-QUADE, JJ., concur.