441 P.2d 714

The STATE of Idaho, Plaintiff-Respondent,

v.

Richard HAHN, Defendant-Appellant.

No. 10060.

Supreme Court of Idaho.

June 10, 1968.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for appellant.

Allan G. Shepard, Atty. Gen. and Max Eiden, Jr., Asst. Atty. Gen., Boise, J. Kent Jolley, Pros. Atty., Madison County, Rexburg, for appellee.

SMITH, Chief Justice.

Appellant appeals from a judgment of conviction for alleged violation of a provision of I.C. § 67–2927.

March 31, 1965, appellant was driving a truck on a public highway in Madison County, Idaho, when a state policeman stopped him and requested that he drive his truck loaded with propane gas, onto temporary weighing scales. After having refused to comply, he was charged with a violation of I.C. § 67–2927, a misdemeanor.

The charging part of the complaint (amended) directed against appellant, filed in the Madison County probate court, charged that appellant did "wilfully, intentionally, and unlawfully refuse to submit the truck he was driving to weight inspection as required by I.C. 67–2927, * * to determine whether the truck loaded with propane gas was within the weight limita-

tions set forth in I.C. 49–901 [1] or 49–906 [2] by * * * refusing to drive the said truck, after having been requested to do so by the attending officers, on temporary weighing scales which had been set up for that purpose."

After having been adjudged guilty in the probate court of such alleged offense and fined therefor, appellant appealed from the judgment of conviction to the district court of the seventh judicial district in Madison County.

Appellant, by demurrer, raised the issue that the facts stated in the complaint do not constitute a public offense. I.C. § 19–1703(4).

Appellant waived jury trial, and both parties submitted the cause for decision upon stipulated facts. After having stipu-

lated that appellant was charged with a violation of I.C. § 67–2927, they then stipulated that the sole purpose of the state police in stopping appellant was to weigh the truck that appellant was operating; that no other inspection of the truck, or of the merchandise, product, or commodity the truck was hauling, was intended to be made by the officers, nor was any such inspection made.

I.C. § 67–2927 reads:

"Wherever by the laws of the state of Idaho any merchandise, product or commodity being transported within the state, within the state to without the state, or from without the state to within the state, is subject to the payment of a license or tax, or is subject to inspection or grading by any department or

---

[1]. 49–901. Allowable gross loads.—No vehicle, motor vehicle, trailer and/or semi-trailer, or combination thereof, which with the load thereon exceeds the following weight limitations, shall be operated on a public highway of this state:

(a) The total gross weight imposed on the highway by any one (1) axle shall not exceed 18,000 pounds, nor shall the total gross weight imposed on the highway by any one (1) wheel exceed 9,000 pounds.

(b) The total gross weight imposed on the highway by any group of consecutive axles shall not exceed the weight set forth for the respective axle spacing in the following table: * * *

(c) The weight limitations set forth in subsections (a) and (b) hereof shall not apply to any vehicle, motor vehicle, trailer and/or semi-trailer, or combination thereof, engaged in the transportation of logs, pulp wood, stull, poles or piling; nor to any such vehicle engaged in the transportation of ores, concentrates, sand and gravel, and aggregates thereof, in bulk; nor to any such vehicle engaged in the transportation of unprocessed agricultural commodities including livestock, but no such vehicle shall be operated on the highways of this state where the total gross weight imposed on the highway by any one (1) axle exceeds 18,900 pounds, or where the total gross weight imposed on the highway by any one (1) wheel exceeds 9,450 pounds, or where the total gross weight imposed on the highway by any group of consecutives axles exceeds the weight set forth

for the respective axle spacing in the following table: * * *

(d) In applying the weight limitations imposed by this section the distance between axles shall be measured to the nearest even foot. When a fraction is exactly one-half (½) foot the next larger whole number shall be used.

(e) The limitations imposed by this section are in addition and supplemental to all other laws imposing limitations upon the size and weight of vehicles.

[2]. 49–906. Special regulations and notice thereof.—Whenever in the judgment of the Idaho board of highway directors or public authorities in charge of, or having jurisdiction over a public highway the operation on any state highway or section of highway of vehicles of the sizes and weights and at the rates of speed permissible by law will cause damage to the road by reason of climatic or other conditions or will interfere with the safe and efficient use of such highway by the traveling public, the said Idaho board of highway directors or other public authorities in charge of, or having jurisdiction over a public highway shall have authority to make regulations reducing the permissible sizes, weights or speeds of vehicles operated on such highway for such periods as may be necessary for the protection of the road or for public safety, and shall erect and maintain signs designating such regulations at each end of such highway or section and at intersections with main traveled roads and highways.

agency of the state of Idaho, the owner or operator of the motor vehicle transporting such merchandise, product or commodity is hereby required to stop at such ports of entry or checking stations established by the commissioner of law enforcement and submit to inspection for compliance with the laws of the state of Idaho."

The district court in overruling appellant's demurrer to the complaint ruled that "Since this statute requires an inspection to find, if compliance with all of the laws have been made, it includes the law requiring an inspection for weight." The court thereupon adjudged appellant guilty as charged in the complaint and fined him $100.00. Appellant perfected an appeal from the judgment of conviction.

Appellant, by his assignments of error, contends that the trial court committed error in overruling the demurrer to the complaint, and in adjudging appellant guilty of a violation of I.C. § 67–2927, in that the complained acts do not violate the provisions of such section of the statute.

▮▮ A statute defining a crime must be sufficiently explicit so that all persons subject thereto may know what conduct on their part will subject them to its penalties. Idaho Const., Art. 1, § 13. State v. Pigge, 79 Idaho 529, 532, 322 P.2d 703 (1957); State v. Evans, 73 Idaho 50, 56, 57, 245 P.2d 788 (1952); State v. Mead, 61 Idaho 449, 455, 456, 102 P.2d 915 (1940); State v. Burns, 53 Idaho 418, 426, 23 P.2d 731 (1933). A criminal statute must give a clear and unmistakable warning as to the acts which will subject one to criminal punishment, and courts are without power to supply what the legislature has left vague. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); State v. Evans, supra; State v. Campbell, 70 Idaho 408, 219 P.2d 956 (1950); State v. Burns, supra. An act cannot be held as criminal under a statute unless it clearly appears from the language used that the legislature so intended. Ex parte Moore, 38 Idaho 506, 224 P. 662 (1924); Ex parte

Bates, 38 Idaho 523, 224 P. 668 (1924); Ex parte Perring, 38 Idaho 524, 224 P. 668 (1924); see also I.C. § 19–1416.

The state, in the complaint, charged that appellant had violated only the provisions of I.C. § 67–2927 in that he unlawfully refused to submit the truck he was driving, to weight inspection as allegedly required by such section of the statute. The specific issue thus is whether appellant's acts come within the purview of I.C. § 67–2927, strictly interpreted as a refusal to "submit to inspection."

I.C. § 67–2927 requires the owner or operator of a truck to stop at a port of entry or checking station and submit to inspection for compliance with the laws of this state, *only if the transported commodity is subject to the payment of a license or tax, or is subject to inspection or grading by any department or agency of the state.*

Nothing is contained in I.C. § 67–2927, read literally, to indicate that inspection includes or might imply a weight inspection of the truck and its load; nor any inspection other than of a transported commodity which is subject to the payment of a license or tax or subject to inspection or grading.

Nor does the complaint charge that appellant was transporting by truck a specified commodity subject to the payment of a license or tax or which was subject to inspection or grading by any state department or agency; nor that by virtue of so transporting such a commodity, he was required to stop the truck at a port of entry or checking station and submit to inspection for compliance with the laws of this state, and that he intentionally and unlawfully failed and refused so to do. See State v. Hall, 90 Idaho 478, 413 P.2d 685 (1966).

The complaint charges only that appellant intentionally and unlawfully refused to submit the truck he was driving, to weight inspection as required by I.C. § 67–2927, in that he refused to submit the truck loaded with propane gas to weight inspection at a designated temporary weighing

station in order to determine whether the loaded truck was within the weight limitations set forth in I.C. § 49–901 or § 49–906. Thus the charge, that appellant refused to submit the loaded truck to such a weight determination, was not within the purview of I.C. § 67–2927, which requires submission of the *commodity* being transported, and not the truck, to inspection, provided the commodity is subject to the payment of a license or tax, or subject to inspection or grading by a state department.

■ Respondent argues that the latter phrase of I.C. § 67–2927, "submit to inspection for compliance with the laws of the state of Idaho," must naturally encompass other statutes, such as, perhaps, I.C. §§ 49–901, 49–906 and 67–2928, under a charge brought under I.C. § 67–2927. We agree with the general proposition that the courts must give effect to a statute wherever it is possible to do so and keep within the terms, of the language used. State v. Groseclose, 67 Idaho 71, 171 P.2d 863 (1946); see also State ex rel. Wright v. Headrick, 65 Idaho 148, 139 P.2d 761 (1943); State ex rel. Anderson v. Rayner, 60 Idaho 706, 96 P.2d 244 (1939). However, we cannot accept an interpretation of such referred to phrase, as would make it a catch-all for all other laws which might have been violated by appellant's acts under consideration. It is obvious that were other laws violated, the complaint should so charge.

■ We are not in anywise holding that I.C. § 67–2927 is a nullity. We do hold however that the facts as stated in the criminal complaint neither constitute a public offense, nor charge a violation of the provisions of such section of the statute.

The judgment of conviction is reversed and the cause remanded with instructions to dismiss the criminal complaint.

TAYLOR, McQUADE and SPEAR, JJ., concur.

McQUADE, Justice (concurring specially).

Because misunderstanding of our holding in the present action might hamper proper law enforcement by public officers of this state, I wish to concur specially and emphasize certain aspects of Justice Smith's opinion. That opinion does *not* concern itself with either the validity—here unchallenged—of the statutes regulating excessive weight,[1] or with the authority—also here unquestioned—of a law enforcement officer to employ reasonable means in order to discover whether those statutes are being violated.[2,3] Justice Smith's opinion decides only that the criminal complaint was defective because Hahn's conduct did not constitute the offense charged,[4] violation of I.C. § 67–2927; I agree.

The pertinent language of I.C. § 67–2927 requires submission for inspection of "any merchandise, product or commodity" which is subject to "licens[ing] or tax[ing], * * * inspection or grading." The statutes regulating excessive weight are concerned exclusively with gross loads, "vehicle * * * with the load thereon."[5] Such load need not be composed of items of "merchandise, product or commodity" as those words are commonly understood;[6] rather, the only relevant characteristic of

1. I.C. §§ 49–901 and 49–906; I.C. § 49–909.

2. See I.C. §§ 67–2901; 61–801(d); 67–2926(a); cf. Cornell v. Harris, 60 Idaho 87, 88 P.2d 498 (1939).

3. It is of course an offense for "Every person who wilfully resists, delays/or obstructs any public officer, in the discharge, or attempt to discharge, of any duty of his office." I.C. § 18–705. Cf.

State v. Winter, 24 Idaho 749, 135 P. 739 (1913); see generally 67 C.J.S. Obstructing Justice § 5 (1950); 39 Am. Jur., Obstructing Justice §§ 8, 10 (1942).

4. See I.C. § 19–1411(2).

5. I.C. § 49–901.

6. Cf., State v. Campbell, 70 Idaho 408, 219 P.2d 956 (1950); State v. Cosgrove, 36 Idaho 278, 210 P. 393 (1922).

such load would be its heaviness. Being a penal statute, I.C. § 67–2927 "cannot be broadened or extended by construction to include and penalize acts or conduct not clearly within its terms." [7] And so the Justice Smith opinion, correctly I think, refuses to stretch the meaning of that statute to encompass Hahn's refusal to submit his truck to the weight inspection.

SPEAR, J., concurs.

McFADDEN, Justice (dissenting).

Appellant was convicted of a violation of I.C. § 67–2927 set out verbatim in the majority opinion. By the complaint he was charged as follows:

"That Richard Hahn * * * on the 31st day of March, 1965, at 10:50 a. m., in the County of Madison and State of Idaho, then and there being, did then and there wilfully, intentionally, and unlawfully refuse to submit the truck he was driving to weight inspection as required by I.C. 67–2927, to-wit: the defendant was driving a Ford truck loaded with propane gas * * * approximately 2 miles West of Teton City, Idaho in Madison County at which point the Port of Entry of the State of Idaho established a temporary weighing station and said defendant having been stopped by authorities of the Port of Entry refused to submit the said truck loaded with propane gas to weight inspection to determine whether the said truck loaded with propane gas was within the weight limitations set forth in I.C. 49–901 or 49–906 by then and there wilfully, intentionally and unlawfully refusing to drive the said truck, after having been requested to do so by the attending officers, on temporary weighing scales which had been set up for that purpose."

I.C. § 67–2927 was enacted at the extraordinary session of the legislature of 1950,

as a part of chapter 15 of that special session. S.L.1950 (E.S.), ch. 15, § 2, p. 26. That chapter authorized the establishment of ports of entry or checking stations by the commissioner of law enforcement. The purpose of the chapter is set out in Section 1 thereof in the following terms:

"To augment and help make more efficient and effective the enforcement of certain laws of the State of Idaho, the Commissioner of Law Enforcement is hereby authorized and directed to establish from time to time temporary or permanent ports of entry or checking stations upon any highways in the State of Idaho, at such places as the Commissioner of Law Enforcement shall deem necessary and advisable." I.C. § 67–2926 (a).

Section 4 of the act states:

"The Commissioner of Law Enforcement is hereby directed, in the administration of this act [S.L.1950 (E.S.) Ch. 15.], to cooperate with the other departments and agencies of the State of Idaho which have the responsibility of enforcing licensing, taxing and inspection laws."

The underlying purpose of this legislative enactment is clear—to authorize the inspection of *transported* merchandise, products and commodities to determine "compliance with *the laws of the state of Idaho.*" I.C. § 67–2927.

The department of law enforcement has power "to enforce all of the penal and regulatory laws of the state." I.C. § 67–2901. The department of law enforcement is also vested with the power and the duty to enforce obedience on the part of all motor carriers to all statutes of the state of Idaho applicable to such carriers. I.C. § 61–810. By the terms of I.C. § 61–801, which is a part of the motor carrier act (Ch. 8 of Title 61, I.C.), a "motor carrier"

7. State v. Fitzpatrick, 89 Idaho 568, 573, 407 P.2d 309, 311 (1965). Cf. Independent School District, etc. v. Collins, 15

Idaho 535, 98 P. 857 (1908); In re Dampier, 46 Idaho 195, 267 P. 452 (1928).

is defined to mean "common carrier, contract carrier or private carrier." The department of law enforcement is intimately connected with the laws pertaining to the operation of motor vehicles, motor carriers, trucks and the enforcement of the provisions of Chapter 9, Title 49, I.C., dealing with weight, speed and tire regulations of motor vehicles in this state.

Consideration of a statute and its purposes and scope must be given not "in vacuo," but in light of other existing legislation. Certainly, it cannot be said that the department of law enforcement is not within the scope of its authority and duty in the establishment of either temporary or permanent ports of entry; and it cannot be doubted that the department of law enforcement in operation of these ports of entry can "inspect" transported merchandise. Under the view of the majority opinion it would seem that the only inspection that can be made at such a port of entry is of the merchandise itself. However, it must be pointed out that I.C. § 67–2927 deals only with transported "merchandise, products or commodity" and any inspection of a "transported commodity" of necessity encompasses the means by which such commodity is being transported.

The complaint in this appeal alleges that appellant did "wilfully, intentionally, and unlawfully refuse to submit the truck he was driving to weight inspection * * *" and then particularly alleges the facts establishing the commission of the charged crime, including the allegation that appellant "refused to submit the said truck loaded with propane gas to weight inspection * * *." I.C. § 49–901, which is particularly mentioned in the complaint, pertains to allowable weights of vehicles *"with the load thereon * * *."* Here again the criteria involves not the truck alone, or the load alone, but the combination of both. The same is true with the basic concept of I.C. § 67–2927, which deals with "merchan-

dise, product or commodity *being transported* within the state * * *." One cannot, in construing this latter statute, divorce the load from the means of transporting it.

The term "inspection" as used in I.C. § 67–2927 encompasses more than a visual inspection of a load of merchandise, product or commodity—it must be read in conjunction with the fact that the merchandise, product or commodity is being transported. That section requires that when the transported merchandise, product or commodity is subject to inspection *by any department or agency of the state,* the owner or operator of the motor vehicle transporting the merchandise, product or commodity is required to stop and submit to inspection. In other words the owner or operator of the vehicle is required to stop and submit to inspection for compliance with the laws of the state of Idaho. The gravamen of this crime is the failure of the owner or operator of the vehicle transporting the commodity which is subject to an inspection to stop and to submit to an inspection to determine whether there is compliance with the laws of the state.

The "inspection" contemplated by the statute is not merely visual inspection; when the inspection is to establish compliance with the laws of the state of Idaho it can encompass a determination of the physical characteristics of the load, i. e., size, weight, height, length (I.C. §§ 49–901, 49–815, 49–913, 49–916), all of which become involved when one is dealing with "compliance with the laws of Idaho." Examples of other laws for which inspections may be required are I.C. §§ 25–1510, 25–214, 39–3007 and 39–3017, all of which contemplate an inspection of one sort or another. The determination of the weight of a loaded vehicle, of necessity requires the weighing of a vehicle with its load thereon, and the transported load is being subjected to an inspection for "compliance with the laws of Idaho."

The term "inspect" is defined in Webster, 3d Int. Dictionary (1961) as "1: to view closely and critically * * *; *examine* with care: 2: to view and *examine* officially." The word "examine" is defined, "1: to test by an appropriate method." "Weigh" is defined as "1: To *examine* by a balance." Thus, when one "weighs" an article, he "examines" it with respect to its weight, and when one inspects an article, he "examines" it. The conclusion is inescapable to me that "inspection" is a broader term than the majority opinion indicates. "Inspection" must be taken to include a weight inspection. Kucker v. Sunlight Oil & Gasoline Co., 230 Pa. 528, 79 A. 747 (1911); McCanless v. Southeastern Greyhound Lines, 178 Tenn. 614, 162 S.W.2d 370 (1942).

The majority opinion states that if other laws were violated, the complaint should charge such. However, appellant violated only one law, that of I.C. § 67–2927, by failing to submit to an inspection. It could not be determined whether appellant violated the weight limit law until a weight inspection could be made.

It is my view that we must contrue I.C. § 67–2927 in a reasonable manner to effectuate the purpose of the legislature (see City of Lewiston v. Mathewson, 78 Idaho 347, 303 P.2d 680 (1956); State v. Groseclose, 67 Idaho 71, 171 P.2d 863 (1946); State v. Bowman, 40 Idaho 470, 235 P. 577 (1925); State v. Cosgrove, 36 Idaho 278, 210 P. 393 (1922); State v. Omaechevviaria, 27 Idaho 797, 152 P. 280 (1915)), and that such construction would have "inspection" include an inspection for weight.

It is my conclusion that the complaint was not subject to demurrer. The facts alleged, stipulated to by the parties, established a violation of the provisions of I.C. § 67–2927. The judgment of conviction should be affirmed.