494 P.2d 1036

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Allegra THOMAS, Defendant-Appellant.**

No. 10953.

Supreme Court of Idaho.

March 15, 1972.

Lawrence Higgins, of Donart & Higgins, Weiser, for defendant-appellant.

W. Anthony Park, Atty. Gen., and Charles P. Brumbach, Asst. Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

Defendant was convicted in the Municipal Court of Idaho City of the offense of "failure to connect to a sewer in violation of Ordinance No. 106, Idaho City." Defendant appealed the judgment of conviction and in a trial de novo was again convicted in the district court. Defendant has appealed from that judgment of conviction to this court alleging several matters in which the district court committed error.

The record discloses the following facts:

On April 25, 1969, the City of Idaho City enacted Ordinance No. 106, the title of which reads as follows:

"An Ordinance Discontinuing the Use of Privy Vaults and Cesspools; Making It Unlawful to Use a Septic Tank and Subsurface Disposal System by Individuals where *a Public Sewer* System is Available; Making Connection to the *Idaho City Sewer System* Mandatory; Making It Unlawful for any Person to Damage *The Public Sewer System;* Setting Forth a Penalty Therefor, All in the City of Idaho City, County of Boise, State of Idaho, and Providing an Emergency Therefor." (Emphasis added).

Section 3 of the Ordinance reads as follows:

"Section 3. Connection to *Public* Sewer Mandatory:

The owner or occupant of any house, building or property used for residential, commercial, or industrial use, or other purpose, situated within the City of Idaho City, Idaho, which is abutting on or having a permanent right of access to any street, alley or right-of-way in which there is now located or may in the future be located a *public sewer* of said city, is hereby required to cease using any other method of disposing of sewage, waste or polluted matter and at his expense to connect such building directly with the *proper sewer* in accordance with the provisions set forth by the City within ninety (90) days after date of official notice from the City or its authorized representatives to do so, provided, however, that said sewer is within one hundred (100) feet of any property line." (Emphasis added).

Defendant was charged on a criminal complaint on November 6, 1969, which alleged that the defendant "did then

and there wrongfully and unlawfully, Violation of Ordinance No. 106 Sect. 1 Discontinuance, Privy vaults and cesspools: Sect. 2 Discontinuance: Septic Tanks Section 3 Connection to Public Sewer Mandatory." An amended complaint was filed on May 23, 1970, which charged that the defendant "did then and there wrongfully and unlawfully, neglect or refuse for a period of 90 days after notice from the Idaho City Council to discontinue the use of a certain septic tank located East Hill Idaho City, Idaho, and to connect to the sewer system in Idaho City."

In the trial before the district court, counsel for the parties stipulated to the following facts upon which the State submitted its case:

"The first is that the ordinance involved is a [duly enacted] ordinance of Idaho City, Idaho and [was in effect at the time of the alleged violation] and the second, that the defendant Mrs. Thomas, is the owner of the real property involved; third that the property is within the city limits of Idaho City; fourth, that the defendant failed to hook up to the sewer; fifth, that proper notice was given to the defendant to hook up to the sewer; sixth, that the sewer is available to residents, all residents of Idaho City." Tr. p. 5.

After this stipulation of facts, the State rested.

The defendant then made a motion to dismiss, and the court took the motion under advisement. The defense then offered into evidence by stipulation four exhibits, being (1) Ordinance No. 105 and (2) Ordinance No. 106 of Idaho City, Idaho, (3) the By-laws of the Idaho City Sewer Association, Inc., and (4) the Articles of Incorporation of the Idaho City Sewer Association, Inc. Counsel for the State and defendant then stipulated that there was never an initiative or referendum indicating voter preference for or against the sewer. The defense then rested.

The court, sitting without a jury, convicted the defendant "of the offense of failure to connect to a sewer in violation of Ordinance No. 106, Idaho City."

■ We are of the opinion that defendant's motion to dismiss should have been granted.

Ordinance No. 106 is patently ambiguous. The charging part of Section 3, the section under which the defendant was convicted, provides that "the owner or occupant of any house, * * * used for residential, commercial or industrial use or other purpose * * * is hereby required to * * * connect such building with the *proper sewer* in accordance with the provisions set forth by the city * * * provided, however, that said sewer is within one hundred feet of any property line." (Emphasis added.) Nowhere in the ordinance is "proper sewer" defined, and the phrase is not self descriptive. Reference to the title of the ordinance only adds to the ambiguity. The heading to Section 3 states, "Connection to Public Sewer Mandatory:" while the title of the ordinance refers to both "a public sewer system" and "making connection to the Idaho City sewer system mandatory." With no definition of "proper sewer" or "public sewer" in the ordinance, and the apparent indiscriminate use of the phrases "public sewer" and "Idaho City sewer," a defendant would understandably be confused. Neither the amended complaint nor the stipulation of facts alleges that there was a sewer line within one hundred feet of the defendant's property line. However, the ordinance purports to require an owner to hook up to the "proper sewer" which is "now located or may in the future be located" within one hundred feet of the property line. With no allegation and proof that the sewer was located within one hundred feet of the defendant's property, the ordinance nevertheless purports to require the defendant to hook up presently to a sewer which may in the future be located in any street, alley or right-of-way and within one hundred feet of the defendant's property line. It would be impossible to enforce such an ambiguous provision.

In State v. Burns, 53 Idaho 418, 426, 23 P.2d 731, 734 (1933), it was stated:

"An act of the Legislature creating a statutory offense should define the acts necessary to constitute such offense with such certainty that a person may determine whether or not he has violated the law at the time he does the act, which is charged to be a violation thereof. And the accused has a right to be informed, in all criminal prosecutions, not only by the law, but as well by the information, what acts and conduct are prohibited and made punishable."

In State v. Hahn, 92 Idaho 265, 267, 441 P.2d 714, 716 (1968), this court reaffirmed what it said in State v. Burns, and added:

"A criminal statute must give a clear and unmistakable warning as to the acts which will subject one to criminal punishment, and courts are without power to supply what the legislature has left vague."

In State v. Pigge, 79 Idaho 529, 532, 322 P.2d 703, 705 (1957), this court stated:

"A statute that either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law."

Judged by these standards, it is our opinion that Ordinance No. 106 does not pass muster. The motion to dismiss should have been granted. Cf. State v. Barney, 92 Idaho 581, 448 P.2d 195 (1968).

The defendant in her assignments of error, brief and argument to the court has raised numerous other issues regarding the legality of the arrangement between the Idaho City Council and the Idaho City Sewer Association regarding the organiza- tion and financing of the sewer con- struction, alleging that the arrangement violates both the laws and the constitution of the State of Idaho. However, the rec- ord before the court is insufficient to deter- mine the method of financing the sewer system, or the contractual relationship be- tween the city and the sewer district, other than the fact that no "initiative or refer- endum indicating voter preference" was ever held. In view of the limited record before us, and in view of our reversal of this conviction because we are of the opinion that Ordinance No. 106 is ambigu- ous and thus void, we decline to pass upon these alleged constitutional and statutory defects. Garrity v. Board of County Com- missioners, 54 Idaho 342, 34 P.2d 949 (1934); State ex rel. Nielson v. City of Gooding, 75 Idaho 36, 266 P.2d 655 (1953).

The defendant's motion to dismiss would have properly raised the issues of the suf- ficiency of the complaint to allege the com- mission of a crime, and the sufficiency of the stipulated facts to prove a crime. How- ever, the defendant has not argued either of these points in her brief or oral argu- ment, and presumably did not raise these issues in the trial court below. An analysis of the amended complaint and the stipulated facts might well disclose additional grounds why the defendant's motion to dismiss should have been granted. However, in view of the fact that these points were not urged on appeal, we do not pass upon these issues.

The judgment of conviction is reversed, and the case remanded to the district court with instructions to enter an order granting the defendant's motion to dismiss.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., con- cur.