**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 42766-2014**

|  |  |  |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Boise, May 2016 Term** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **2016 Opinion No. 57** |
| **v.** | ) | |
| | ) | **Filed: May 27, 2016** |
| **DAKOTA LEE VILLAFUERTE,** | ) | |
| **aka KODY VILLAFUERTE,** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County.  Hon. Thomas J. Ryan, District Judge.

The judgment of the district court is <u>affirmed</u>.

Brian R. Dickson, Deputy State Appellate Public Defender, Boise, argued for appellant.

Jessica M. Lorello, Deputy Attorney General, Boise, argued for Respondent.

_____

EISMANN, Justice.

This is an appeal out of Canyon County from a judgment of conviction for the defendant's failure to update his address information in the sex offender registry.  He appeals the denial of his motion to dismiss on the ground that the district court lacked subject-matter jurisdiction over the charge.  Based upon the state of the record, we affirm the judgment of the district court, and we do not address the defendant's assertion that he had changed his address to a place outside the State of Idaho before he was required to update his information in the registry.

**I.**
**Factual Background.**

On June 5, 2013, Dakota Lee Villafuerte ("Defendant") was placed on probation for the felony crime of battery with the intent to commit lewd and lascivious conduct with a child under

sixteen years of age. The conviction for that crime required that he register as a sex offender. Before being released on probation, he completed a sex offender registration form listing his intended address as his parents' residence.

As a condition of his probation, Defendant was ordered to serve seven days of discretionary jail time. He was released from jail on November 13, 2013.

On November 27, 2013, the State filed a complaint charging Defendant with the crime of failing to update his sex offender registration. The supporting affidavit stated that Defendant's probation officer stopped at the home of Defendant's parents on November 18, 2013; that they stated that they had not seen Defendant for just over one and one-half weeks; that since Defendant was released from jail his location was unknown; and that Defendant had not updated his current address in his sex offender registration. Based upon the affidavit, the court issued a warrant for Defendant's arrest.

On May 26, 2014, Defendant was arrested in Utah. He was transported back to Idaho and appeared in magistrate court on June 20, 2014, at which time he was appointed a public defender to represent him on the charge of failing to register as a sex offender. On July 3, 2014, he appeared in magistrate court with his attorney and waived his right to a preliminary hearing. He was then bound over to answer in the district court. The State filed an information in the district court on July 11, 2014, and on July 18, 2014, Defendant entered a not guilty plea. On October 11, 2014, the State filed an amended information.

On October 15, 2014, Defendant filed a motion to dismiss on the ground that the State lacked jurisdiction over the crime charged. The motion was based upon that portion of Idaho Code section 19-301, which states, "Evidence that a prosecutable act was committed within the state of Idaho is a jurisdictional requisite, and proof of such must be shown beyond a reasonable doubt." In the motion, Defendant asserted that he met with his probation officer on November 12, 2013, after being released from jail; that his probation officer ordered him to return to jail to serve an additional thirty days of discretionary jail time; and that he left the State of Idaho by bus before the expiration of the two-day period by which he would have been required to update his sex offender registration with a new address. He argued that any failure to update his registration occurred when he was outside the State of Idaho, and therefore he did not commit a crime in this state. In response, the State argued that the court did have jurisdiction if Defendant committed a criminal act within the state or if he committed an act outside the state and the result

2

of the act occurred in the state. The State asserted that after he was arrested, Defendant admitted that after meeting with his probation officer he intended to leave the state and began hitchhiking. Thus, the State argued that Defendant either committed the alleged crime while he was in the state or he committed an act outside the state that had a result in this state.

The district court denied the motion to dismiss. Defendant entered into a written plea agreement pursuant to which he would plead guilty to the charge, reserve the right to appeal the denial of his motion to dismiss, and have the right to withdraw his guilty plea if he prevails on appeal. The district court sentenced him to six years in the custody of the Idaho Board of Correction to run consecutively to the sentence for which he had been on probation. His probation was apparently revoked, and he was required to serve his suspended sentence.

## II.
## Did the District Court Err in Denying Defendant's Motion to Dismiss?

In his motion to dismiss, Defendant sought to raise the issue of whether the Idaho district court has subject-matter jurisdiction over a charge by which the State seeks to convict Defendant of failing to update his sex offender registration within two working days of his change of street address or actual address where his new address was in another state.[1] Defendant's motion to dismiss was based upon the assertion that before he was required to update his registration, he had left the State of Idaho. However, the facts upon which the motion was based are not established in the record.

"Subject matter jurisdiction presents a question of law over which we exercise free review." *State v. Doyle*, 121 Idaho 911, 913, 828 P.2d 1316, 1318 (1992). There are three statutes that address the subject-matter jurisdiction of Idaho courts in criminal cases.

---

[1] Idaho Code section 18-8309(1) states:

> If an offender subject to registration changes his . . . street address or actual address, . . . the offender shall appear in person within two (2) working days after the change at the office of the sheriff of the county where the offender is required to register and notify the sheriff of all changes in the information required for that offender in the sex offender registry. . . . An offender satisfies the notification requirements set forth in this subsection if he or she appears in another jurisdiction in which registration is required and notifies that jurisdiction of the changed information.

Idaho Code section 18-202(1) provides that "[a]ll persons who commit, in whole or in part, any crime within this state" are "liable to punishment under the laws of this state." In *State v. Sheehan*, 33 Idaho 553, 196 P. 532 (1921), we stated with respect to this statute that "the legislature intended to punish any person who should commit any portion of a crime within this state to the same extent and in the same manner as though all of the acts which constitute the crime had been committed here." *Id*. at 561–62, 196 P. at 535.

Idaho Code section 19-301(1) states, "Evidence that a prosecutable act was committed within the state of Idaho is a jurisdictional requisite, and proof of such must be shown beyond a reasonable doubt." The legislature did not define the term "prosecutable act," but we have held that it means "any essential element of the crime." *Doyle*, 121 Idaho at 913, 828 P.2d at 1318.

Idaho Code section 19-302 states, "When the commission of a public offense, commenced without the state is consummated within its boundaries, the defendant is liable to punishment therefor in this state, though he was out of the state at the time of the commission of the offense charged." We have interpreted this statute to mean that "jurisdiction will exist if the conduct performed outside the state caused a criminal result or effect within the state" and that "the result of the crime must be an essential element of the offense before the result can be construed to have been 'consummated' within Idaho." *Doyle*, 121 Idaho at 913–14, 828 P.2d at 1318–19. Finally, we have held that if an element of a crime is the failure to perform a duty, such failure constitutes an act for the purpose of jurisdiction and the state in which the act was to be performed has jurisdiction over the crime based upon such nonaction. *Id*. at 915, 828 P.2d at 1320.

It is clear from the wording of these statutes that the existence of subject-matter jurisdiction will depend upon the facts. When the case involves a felony prosecution commenced by filing a complaint, the defendant can challenge the court's subject-matter jurisdiction by having a preliminary hearing. At the preliminary hearing, "it shall be the duty of the magistrate at such examination to determine whether or not a public offense has been committed and whether or not there is probable or sufficient cause to believe that the defendant committed such public offense." I.C. § 19-804. In order for there to be a public offense, the alleged conduct must be a criminal offense under Idaho law, *State v. Hahn*, 92 Idaho 265, 268, 441 P.2d 714, 717 (1968), and the court must have subject-matter jurisdiction over that offense,

4

I.C. § 19-101.[2]  The charging document must allege that the offense was committed within the jurisdiction of the court, *State v. Slater*, 71 Idaho 337, 338, 231 P.2d 424, 425 (1951), and the State must offer sufficient evidence to show both that a public offense was committed and that there is probable cause to believe that the defendant committed that offense, *State v. Pratt*, 125 Idaho 546, 556, 873 P.2d 800, 810 (1993).[3]  "If . . . the magistrate finds either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate must dismiss the complaint and order the defendant to be discharged."  I.C. § 19-814.  In this case, Defendant waived his right to a preliminary hearing. Such waiver admitted the existence of sufficient evidence to hold him to answer in the district court.  *State v. Stewart*, 149 Idaho 383, 387–88, 234 P.3d 707, 711–12 (2010).

Another way to challenge the court's subject-matter jurisdiction is to move to dismiss on the ground that the charging document does not show that the court has jurisdiction or does not charge an offense.  I.C.R. 12(b)(2).  That is apparently how the district court viewed Defendant's motion to dismiss.  It analyzed the issue as being whether the charging document alleged a criminal offense committed within the State of Idaho.  The court did not err in its analysis.  "The information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court."  *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004).  In this case, the amended information alleged as follows:

> That the Defendant, DAKOTA LEE VILLAFUERTE, on or between the dates of November 13, 2013 and May 26, 2014, in the County of Canyon, State of Idaho, after establishing residence in Canyon County, has failed to update his registration information within two working days as required by statute after having been convicted of the crime of Battery With the Intent to Commit a Felony, pursuant to Idaho Code Section 18-911.
> All of which is contrary to Idaho Code, Section 18-8304; 18-8307; 18-8308; 18-8309; 18-8311 and against the power, peace and dignity of the State of Idaho.

---

[2] Idaho Code section 19-101 states, "No person can be punished for a public offense except upon a legal conviction in a court having jurisdiction thereof."

[3] If, after the preliminary hearing, the magistrate finds that there is sufficient evidence to show that a public offense has been committed and that there is probable cause to believe that the defendant committed that offense, the defendant can ask the district court to revisit that issue.  I.C. § 19-815A.

The amended information alleged the commission of an offense committed within the State of Idaho. There is no contention that it failed to allege the elements of the crime charged or that such crime was committed in the State of Idaho. The amended information also did not include a factual allegation that any of the conduct constituting the crime charged occurred outside of the State of Idaho. There is a distinction between alleging jurisdiction and proving jurisdiction. If, at the trial, the State does not prove that the court has subject-matter jurisdiction, then the defendant must be discharged. I.C. § 19-2119. The amended information does not include any allegation that would raise an issue regarding the subject-matter jurisdiction of the court. Therefore, the district court did not err in denying the motion to dismiss on the ground that the allegations in the amended information were insufficient to confer subject-matter jurisdiction upon the court.

There are also instances in which this Court has permitted the parties to stipulate to facts in order to define an issue of law presented in a motion to dismiss. *State v. Lynch*, 126 Idaho 388, 389–90, 883 P.2d 1080, 1081–82 (1994); *State v. Bacon*, 117 Idaho 679, 680–81, 791 P.2d 429, 430–31 (1990). In *State v. Thomas*, 94 Idaho 592, 594, 494 P.2d 1036, 1038 (1972), we noted that a defendant's motion to dismiss could have raised the issue of "the sufficiency of stipulated facts to prove a crime."

Defendant contends that the parties here stipulated to facts sufficient to raise the issue of the district court's subject-matter jurisdiction. That stipulation is not in the record. In its memorandum decision, the court stated: "There appears to be confusion by the parties as to what took place after he was ordered to serve the additional discretionary jail time, but both parties submit that the defendant failed to turn himself into the county jail and left the state for Wendover, Nevada" and "In this case, the defendant admits that he left Canyon County on November 13, 2013." The first statement does not set forth when Defendant left the State of Idaho, and the second states when he left Canyon County, but that county does not abut Nevada. The parties also disagree about how he left. Defendant contends that he left by bus, and the State contends that he admitted that he left by hitchhiking. There are insufficient facts in the record to determine when Defendant left the State of Idaho.

Defendant asserts that he was not subject to the jurisdiction of the court because he was outside the State of Idaho before he was required to update his registration, but the facts in the record are insufficient to raise that issue. The district court did not analyze that issue, and

6

therefore we cannot conclude that it erred in denying the motion to dismiss for lack of subject-matter jurisdiction.

## III.
## Conclusion.

We affirm the judgment of the district court.


Chief Justice J. JONES and Justices BURDICK, W. JONES and HORTON **CONCUR.**