(No. 6014. July 14, 1933.)

STATE, Respondent, v. OTTO D. BURNS, Appellant.

[23 Pac. (2d) 731.]

Ben F. Tweedy, P. E. Stookey and A. L. Morgan, for Appellant.

Bert H. Miller, Attorney General, Ariel L. Crowley, Assistant Attorney General, for the State.

HOLDEN, J.—Appellant is a practicing attorney at law at Lewiston, Idaho. In January, 1932, he was employed by one Herman Wolff to prosecute a malpractice claim against a Dr. Carssow. It is claimed by the state that appellant Burns, under the contract of employment, agreed to collect the claim for ten per cent of the recovery, and it is the contention of appellant that the said contract of employment was modified to provide that he should have reasonable compensation for his services in lieu of the ten per cent. The sum of $5,000 was collected, without suit, by Burns and a

Washington attorney. The promissory notes given in the settlement of the Wolff claim, amounting to $2,000, were delivered by Burns to Wolff, Burns retaining the sum of $1,500 in cash out of the sum of $3,000 paid in the settlement of the claim, for and as a reasonable attorney fee for services rendered Wolff in making the collection, tendering the balance of the cash received in the settlement to Wolff, who accepted it.

September 2, 1932 (after Wolff had accepted the balance of the cash tendered by Burns), a demand was made upon Burns by Wolff in the following words and figures:

"Lewiston, Idaho, September 2nd, 1932.
"Mr. Otto D. Burns,
 "Attorney,
 "Lewiston, Idaho.
"Dear Sir:—

"Whereas You were employed by the undersigned to affect a settlement of my claim against Dr. O. C. Carssow upon a contingent basis wherein you agreed to affect a settlement and retain from the same the sum of 10% of any amount of money realized or paid by the said Dr. O. C. Carssow in settlement of said claim; and

"Whereas Under and by virtue of said employment, you did, on or about the 17th day of August, 1932, affect a settlement with the said Dr. O. C. Carssow and the Insurance Company in which he was insured, and which settlement was in the sum of $5,000.00; and

"Whereas The said $5,000.00 was paid to you as follows: $3,000.00 in cash and $2,000.00 in notes, made and executed by the said Dr. Carssow, all of which were duly and regularly authorized by the undersigned; and

"Whereas You have delivered the said notes to me, aggregating in all the sum of $2,000.00, and $1,000.00 in cash, and have in addition thereto, in accordance with my instructions, paid to LeRoy LaFollette, due him for assisting you in affecting said settlement in accordance with my agreement with him; and

"Whereas There is now due and owing by you to me the sum of $1,000.00 of said money procured by reason of said settlement, and which sum you have retained since the 17th day of August, 1932, and have refused to pay me;

"Now Therefore, DEMAND is herewith made upon you under the provisions of Section 8191 Idaho Compiled Statutes, and you are required under this demand to pay me the said sum of $1,000.00 which you still retain from the moneys collected from the said Dr. O. C. Carssow in the matter of said settlement, within twenty (20) days hereof.

"(Signed) HERMAN WOLFF."

September 27, 1932, a criminal complaint was filed in the probate court of Nez Perce county, a warrant of arrest was issued for Burns, he was arrested, given a preliminary hearing in that court and held to answer in the district court for that county on a charge of grand larceny.

December 6, 1932, an information was filed against appellant in the district court for Nez Perce county, the charging part of which is in the following words and figures:

"That the said Otto D. Burns is now and was at all times in this information mentioned, a duly qualified, licensed, acting and practicing attorney at law maintaining an office as attorney at law in the City of Lewiston, Nez Perce County, Idaho; that on or about the 15th day of January, 1932, Herman Wolff, employed the said Otto D. Burns as an attorney at law to represent him in collecting a certain claim and demand due the said Herman Wolff from one O. C. Carssow; that the said Otto D. Burns accepted said employment for the purpose of effecting a settlement and collecting said claim for the said Herman Wolff and agreed to accept ten per cent (10%) of any monies received in settlement of said claim as full compensation for his services rendered or to be rendered for the said Herman Wolff in the course of his employment as aforesaid; that the said Herman Wolff agreed to pay said Otto D. Burns ten per cent (10%) of any monies that might be realized on said claim by the said Otto D. Burns; that thereafter on or about the 17th day of August, 1932, at Lewiston, Nez Perce

County, Idaho, a settlement was agreed upon and effected wherein and whereby the said Herman Wolff received the sum of Three Thousand Dollars ($3,000.00), in cash and promissory notes aggregating in all the sum of Two Thousand Dollars ($2,000.00), making a total settlement on said claim of Five Thousand Dollars ($5,000.00), which notes and monies were delivered to Otto D. Burns as attorney for Herman Wolff; that on the same day in Lewiston, Nez Perce County, Idaho, the said Otto D. Burns turned over and delivered to Herman Wolff the promissory notes in the sum of Two Thousand Dollars ($2,000.00) and Nine Hundred Ninety-Eight and no/100 ($998.00) Dollars in cash, and retained the sum of One Thousand Five Hundred Dollars ($1,500.00) out of said settlement in cash, and has failed, neglected and refused to pay over to the said Herman Wolff the balance due him under the terms of said employment as heretofore set forth; that the said Otto D. Burns was entitled to the sum of $500.00 by virtue of his contract of employment and for services rendered and that One Thousand Dollars ($1,000.00) of the One Thousand Five Hundred Dollars ($1,500.00) retained by the said Otto D. Burns is due and owing to the said Herman Wolff under the terms of said contract of employment.

"That on or about the 17th day of August, 1932, the said Herman Wolff orally made demand upon the said Otto D. Burns for all monies due the said Herman Wolff under the terms and conditions of said contract of employment and that thereafter on the 2nd day of September, 1932, the said Herman Wolff, in writing, made and served a demand upon the said Otto D. Burns under the provisions of Section 8191 of the Idaho Compiled Statutes for the payment of said One Thousand Dollars ($1,000.00) collected as aforesaid; that the said Otto D. Burns unlawfully, feloniously, knowingly and intentionally neglected and refused to pay over said money due the said Herman Wolff or any part thereof, and has continued to refuse and neglect to pay over the same or any part thereof and still refuses and neglects to pay over the same or any part thereof to the said Herman

Wolff and that more than twenty (20) days have elapsed since the said demand for the payment of said money was made upon the said Otto D. Burns contrary to the form of the statute in such case made and provided.''

The information was based upon and Burns was prosecuted under sec. 17–1014, I. C. A., reading as follows:

''Refusal of attorney or collector to pay over money.— Every attorney-at-law, agent, collector or other person who collects or receives any money or property on any debt, claim or demand due to another person, and, upon demand made by said person to whom such debt, claim or demand is due, for the space of twenty days refuses or neglects to pay over said money, or deliver up said property, so received, to such person making said demand, is guilty of grand or petit larceny according to the amount of the money or value of the property so refused to be delivered over.''

At the January, 1933, term of said district court, Burns was tried, convicted and sentenced to serve from one to fourteen years in the state penitentiary, and from the judgment of conviction Burns prosecuted an appeal to this court.

Numerous serious errors are assigned by appellant, the most serious of which challenges the validity of sec. 17–1014, I. C. A., upon the ground of its alleged uncertainty.

In *State v. Cochrane,* 51 Ida. 521, 6 Pac. (2d) 489, this court had before it a case somewhat similar, in its facts, to the case at bar. Cochrane operated a collection agency at Lewiston, Idaho. Approximately 1,155 accounts were turned over to him for collection by The Clinic, under an *undisputed agreement* that Cochrane was to receive fifty per cent of all moneys paid to him and twenty-five per cent of all moneys paid to The Clinic. Among those accounts was one against William L. Pemberton for $240.00, which was paid by Pemberton to Cochrane. After collection, Cochrane paid The Clinic the sum of ten dollars of the amount collected from Pemberton. The Clinic demanded payment of the sum of $110, the sum it claimed to be due it. Cochrane failed to pay the balance within the time and as demanded. He was arrested, tried and convicted of grand larceny, and the judg-

ment of conviction was affirmed by this court in *State v. Cochrane, supra.* A careful examination of the facts in the Cochrane case and the facts in the case at bar discloses a very substantial difference, in two important particulars, in this: First: In a written statement to The Clinic Cochrane stated that the amount due it was $115, which was an *express acknowledgment* that he had at least the sum of $115 in his possession which *belonged to* and was the *property* of The Clinic. And secondly: There was *no dispute* between Cochrane and The Clinic concerning the *terms* and *conditions* of the *contract* of *employment.* Cochrane sought to justify his refusal to pay the demanded moneys over to The Clinic upon the claim that there had been no accounting between the parties concerning commissions he claimed to be due him from The Clinic. And upon the hearing of the Cochrane appeal in this court, he did not challenge the validity of section 17–1014, I. C. A., upon the ground that that statute is void for uncertainty. Therefore, and for the first time, this court has the duty to determine whether the statute is, or is not, void for uncertainty.

The statute in question provides that "every attorney . . . . who collects or receives any money . . . . on any debt, claim or demand due to another person, and upon demand made by said person to whom such debt, claim or demand is due, for the space of twenty days refuses or neglects to pay over said money . . . . to such person making said demand, is guilty of grand or petit larceny according to the amount of the money . . . . so refused to be turned over."

An analysis of this statute discloses that it is subject to a number of different constructions, among others, the following: 1. That any attorney who receives a claim for collection from another, and collects the claim, must, upon demand of the claimant, within twenty days from and after the date of the demand, "pay over said money," that is to say, the full amount collected, with no deduction for services or expenses in making the collection, "to such ·person making said demand," to wit, the claimant. Or 2. That any

attorney who receives a claim from another for collection, and collects the claim, must, upon demand of the claimant, within twenty days from and after the date of the demand, pay the claimant the full amount collected, less the amount of the attorney fee agreed upon, and costs and expenses, if any, in making the collection. Or 3. That any attorney who receives a claim for collection from another, and collects the claim, must, where there is no express contract of employment, upon demand of the claimant, within twenty days from and after the date of the demand, pay the claimant the full amount collected, less costs and expenses and whatever sum the *claimant* considers a reasonable attorney fee for the service rendered by the attorney in making the collection. Or 4. That any attorney who receives a claim for collection from another, and collects the claim, must, even where a contract of employment has been made, and an honest dispute has arisen as to its terms and conditions concerning compensation for services and costs and expenses in making the collection, within twenty days from after the date of the demand, pay the claimant whatever balance he claims to be due to him according to *his* recollection of the terms and conditions of the contract of employment, touching compensation and costs and expenses.

And under a literal construction of the statute, an attorney who, for example, makes a collection of $500 for another, either refuses or *neglects,* upon demand, to pay that exact amount over to his client, within twenty days after the demand, is guilty of grand larceny. The statute does not even confer upon an attorney the right to contract concerning either compensation for or costs expended in making a collection, and if an attorney makes a deduction from a collection to cover compensation or costs or expenses, he is guilty of grand or petit larceny, depending upon the amount deducted. And if the right to contract for compensation or costs or expenses in making a collection exists, it must be read into the statute, which cannot be done, for obvious reasons. Thus the statute, literally construed, makes a crime of the perfectly innocent act of making a deduction for

actual costs expended and compensation earned on account of time given and labor performed in making a collection.

It will be conceded that an attorney who makes a collection, and then either refuses or neglects to promptly pay over to his client the balance the client is entitled to receive, after deducting the actual costs and expense of collection, and the amount agreed upon as an attorney fee, where a contract has been made by the parties covering compensation for services in making the collection, is guilty of the most reprehensible conduct, but it is unreasonable to believe that the legislature intended to make it unlawful for an attorney to refuse to pay over the entire amount collected, upon demand of his client, without right to deduct actual costs and expenses, and in the event of a dispute or misunderstanding as to the terms and conditions of the contract of employment, if any, it is also unbelievable that the legislature intended to deny to an attorney the right to have any such dispute adjudicated in a civil action, without being subjected to a criminal prosecution on a charge of grand or petit larceny, depending upon the amount involved.

An act of the legislature creating a statutory offense should define the acts necessary to constitute such offense with such certainty that a person may determine whether or not he has violated the law at the time he does the act, which is charged to be a violation thereof. And the accused has a right to be informed, in all criminal prosecutions, not only by the law, but as well as by the information, what acts and conduct are prohibited and made punishable.

It is difficult, if not impossible, to determine with any certainty just what an attorney employed to make a collection, may lawfully do under the statute in question, and equally impossible to determine just what it is unlawful for an attorney to do. The most scrupulous lawyer, or collector, could easily be trapped in the net of uncertainties present in the statute. The liberty of the citizen cannot be so imperiled.

The information in the instant case reflects the uncertainty of the statute, among other things, in this: That it

reads very much like a civil complaint for the recovery of a balance in the sum of $1,000 claimed to be due to Wolff from appellant Burns, but instead of praying for judgment for that amount, it seeks a conviction of the appellant upon a charge of grand larceny.

A few cases illustrating the principles discussed and applied to the case at bar are: *Czarra v. Board of Medical Supervisors,* 25 App. D. C. 443, 450; *State v. Parker,* 183 Minn. 588, 237 N. W. 409; *Ex parte Bales,* 42 Okl. Cr. 28, 274 Pac. 485; *State v. Lantz,* 90 W. Va. 738, 111 S. E. 766, 26 A. L. R. 694; *United States v. Capital Traction Co.,* 34 App. D. C. 592, 598; *Ex parte Jackson,* 45 Ark. 158, 164; *State v. Diamond,* 27 N. M. 477, 202 Pac. 988, 992, 20 A. L. R. 1527.

 We conclude that sec. 17–1014, I. C. A., is void for uncertainty. Accordingly, the judgment of conviction is reversed and the cause remanded, with instructions to the trial court to enter judgment exoneretur, discharge the appellant and dismiss the action.

Wernette, J., and Hunt, D. J., concur.

Givens, J., dissents.

Budge, C. J., took no part in the decision.