**UNITED STATES of America, Appellant,**

v.

**Sye Natividad VIGIL, Appellee.**

**No. 71–1526.**

United States Court of Appeals, Tenth Circuit.

March 27, 1972.

Richard J. Spelts, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for appellant.

Carl L. Harthun, Denver, Colo., for appellee.

Before SETH and BARRETT, Circuit Judges, and MECHEM, District Judge.

SETH, Circuit Judge.

The defendant was originally indicted on an eight count indictment with other codefendants. The indictment charged violations of the narcotics laws, and Count VIII charged that the defendant carried a firearm unlawfully during the commission of the felonies in violation of 18 U.S.C. § 924(c). The trial court dismissed Count VIII before trial on the ground that the section referred to was not intended to, and did not, create a separate offense, but instead only served to increase the penalty for the basic felony charged if proved. The trial court took this action based on its similar conclusion in United States v. Sudduth (No. 71–CR–82 in the District of Colorado).

Thereafter another indictment, titled "Superseding Indictment," was returned against this defendant wherein essentially the same charges were made against the defendant, and the case was assigned a new number. In the second indictment there was no count charging a violation of 18 U.S.C. § 924(c). The prior indictment was dismissed and the defendant then entered a plea of guilty to Count V of the second indictment and the other counts were dismissed.

The defendant argues that we have nothing before us but the Superseding Indictment, citing Armstrong v. United States, 16 F.2d 62 (9th Cir.), and there is no issue relating to the first indict-

ment for this appeal. Defendant also urges that 18 U.S.C. § 924(c) is solely a penalty provision.

It appears that the trial court reserved the matter of sentencing under the original Count VIII. However, we have decided United States v. Sudduth (D.C.No.71–CR–82, our No. 71–1423) this same day and therein we concluded that 18 U.S.C. § 924(c) does create a separate felony. For a more detailed description of the reasons, reference is made to that decision.

Reversed and remanded for further proceedings in accordance herewith.