614 P.2d 970

STATE of Idaho, Plaintiff-Appellant,

v.

Charles Ray THOMPSON,
Defendant-Respondent.

No. 12974.

Supreme Court of Idaho.

July 29, 1980.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Howard W. Carsman, Deputy Attys. Gen., Boise, for plaintiff-appellant.

Brian R. Goates, Blackfoot, for defendant-respondent.

McFADDEN, Justice.

This is an appeal by the State of Idaho of a criminal conviction following the sentencing by the trial court of the respondent, Charles Ray Thompson. Thompson pled guilty to one count of attempted robbery and two counts of assault with a deadly weapon. One count of assault was dismissed as a lesser included offense of attempted robbery.

On October 22, 1977, defendant-respondent Charles Ray Thompson, age 19, and two companions, Russell R. and Karl B. escaped from the state youth service center at St. Anthony, where they had previously been committed under the Youth Rehabilitation Act. They stole a dump truck in Rexburg and proceeded to Idaho Falls. In Idaho Falls, they abandoned this truck and stole another truck which contained two shotguns and ammunition. In Idaho Falls, they rolled this second truck in a ditch. They then took another truck from a parking lot and proceeded to Blackfoot, retaining the two shotguns.

The three stopped at the home of a Blackfoot resident. Thompson took one of the shotguns and went to the rear of the house while the other two approached the front door and knocked. Karl B. carried the other shotgun. Upon opening of the door, the victim saw the two men with the gun, slammed the door, and called the police. In the meantime, Thompson came from the back door to the front and found his friends unsuccessfully attempting to fire one of the shotguns. Thompson, learning that the door had been slammed shut, fired the other shotgun at the door, causing extensive damage to the door and the inside of the house. Thompson and his companions then, without entering, left the residence, proceeding in the stolen pickup south from Blackfoot.

Approximately two miles south of Blackfoot, the stolen pickup was stopped by the Fort Hall Indian police, at which time Karl B. was driving. All three escapees were in the truck. While Karl B. was getting out of the stolen vehicle on the order of police, Thompson slid into the driver's seat and drove away with Karl jumping into the rear bed of the pickup. Shots were exchanged between the police and Thompson's companions. The Blackfoot police arrived and further gunfire was exchanged with the police as both the Fort Hall and Blackfoot police gave chase. One of the pickup tires was hit resulting in the stopping of the vehicle. All three escapees including the respondent were wounded.

A four count information [1] was filed in the district court of the Seventh Judicial District, Bingham County, charging Thompson individually as follows:

1. Count IV was dismissed prior to sentencing upon motion of the prosecuting attorney.

Count I. ATTEMPTED ROBBERY, I.C. § 18–306, 18–6501.

That the said defendant, on or about the 22nd day of October, 1977, in the County of Bingham, State of Idaho, did, by means of force and fear, attempt to take from the possession of [the victim] certain personal property, to-wit: money, the property of [the victim] all of which was attempted against the will of the said [the victim], in that the Defendant attempted to gain entry into [victim's] residence with the use of a shotgun and fired said shot gun into the door of said [victim's] residence.

Count II. ASSAULT WITH A DEADLY WEAPON, I.C. § 18–906.

That the said Defendant, on or about the 22d day of October, 1977, in the County of Bingham, State of Idaho, did make an assault upon the person of [the victim] with a deadly weapon, to-wit: a shotgun, by firing said gun at and toward said [victim], hitting the front door and into the wall and piano in the position where [the victim] had been standing.

Count III. ASSAULT WITH A DEADLY WEAPON, I.C. 18–906.

That the said defendant, on or about the 22d day of October, 1977, in the County of Bingham, State of Idaho, did make an assault upon the person of Danford Dann and Leo T. Ariwite, Police Officers of the Fort Hall Tribal Police, with a deadly weapon, to wit: a shotgun, by firing said gun at and toward the Fort Hall Tribal Police car in which said Danford Dann and Leo T. Ariwite were riding and hitting said vehicle with buckshot.

The respondent pled guilty to all three counts on January 23, 1978. A sentencing hearing was held on April 10, 1978. At the hearing, count II was dismissed by the court sua sponte on the grounds that count II was a lesser included offense of count I as defined and charged in the prosecution's information. The court accepted Thompson's voluntary plea of guilty as to counts I and III and sentenced him to the custody of the Board of Corrections for a period not to exceed five years on count I and for a period not to exceed three years on count III, the sentences to run concurrently. The prosecuting attorney then asked the court to invoke the provisions of I.C. § 19–2520 [2] and enhance the sentence for use of a firearm. The trial court denied the motion on the basis that the statute is applicable only to the person who actually uses the gun in the commission of the enumerated offenses. Attempted robbery is not one of the listed offenses.

The appellant, State of Idaho, raises three issues on appeal, namely:

1. Whether the trial court erred in dismissing Count II (assault with a deadly weapon) as a lesser included offense of Count I (attempted robbery).

2. Whether the trial court erred in refusing to apply the sentence enhancement provisions of I.C. § 19–2520 to the sentence imposed under count I.

**2.** "Sentence for use of firearm.—Any person convicted of a violation of sections 18–906 (assault with a deadly weapon), 18–907 (assault with the intent to commit certain felonies), 18–912 (aggravated assault and battery defined), 18–1401 (burglary defined), 18–2501 (rescuing prisoners), 18–2505 (escape by one charged with or convicted of a felony), 18–2506 (escape by one charged with or convicted of a misdemeanor), 18–2703 (resisting officers), 18–3301 (deadly weapon—possession with intent to assault), 18–4003 (degrees of murder), 18–4015 (assault with intent to murder), 18–4501 (kidnapping defined), 18–4604 (grand larceny defined), 18–5001 (mayhem defined), 18–6101 (rape defined), or 18–6501 (robbery defined), Idaho Code, who carried, displayed, used, threatened, or attempted to use a firearm while committing the crime, shall, in addition to the sentence imposed for the commission of the crime, be imprisoned in the state prison for not less than three (3) nor more than fifteen (15) years. Such additional sentence shall run consecutively to any other sentence imposed for the above cited crimes.

For the purposes of this section, 'firearm' means any deadly weapon capable of ejecting or propelling one or more projectives [projectiles] by the action of any explosive or combustible propellant, and includes unloaded firearms and firearms which are inoperable but which can readily be rendered operable.

This section shall apply even in those cases where the use of a firearm is an element of the offense."

3. Whether the trial court erred in refusing to apply the provisions of I.C. § 19–2520 to the respondent under count III as a co-principal for use of a firearm by his companion.

We hold that the trial court did not err.

I

The State first argues that the court should not have dismissed count II as a lesser included offense of count I. I.C.R. 48(a)(2) states that the court may dismiss a criminal action for any reason if it concludes that such dismissal will serve the ends of justice and the effective administration of the court's business. I.C.R. 32(c) provides that to correct manifest injustice the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea. In this case the court dismissed the count after the defendant had pled guilty but before sentence was imposed. As pointed out, under I.C.R. 48(a)(2) the court had the power to dismiss, and as its holding that count II was a lesser included offense of count I was correct, as hereinafter discussed, we hold that the court was correct in ordering the dismissal.

■ The central question is whether the charge of assault with a deadly weapon is a lesser included offense in a charge of attempted robbery, as alleged herein, such as to preclude conviction of both charges under the double jeopardy clause of the fifth amendment of the United States Constitution and the Idaho Constitution.

■ The double jeopardy clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides that no person shall " 'be subject for the same offense to be twice put in jeopardy of life and limb.' It has long been

understood that separate statutory crimes need not be identical—either in constituent elements or in actual proof—in order to be the same within the meaning of the constitutional prohibition." [3] *Brown v. Ohio*, 432 U.S. 161, 164, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 193 (1977). The prohibition against double jeopardy has been held to mean that a defendant may not be convicted of both a greater and lesser included offense. *Brown v. Ohio, supra*, 432 U.S. at 169, 97 S.Ct. at 2227, 53 L.Ed.2d at 196; *State v. McCormick*, 100 Idaho 111, 594 P.2d 149, 152 (1979).

The State contends that assault with a deadly weapon is not a lesser included offense of attempted robbery, basing this contention on the narrower "statutory theory." Under this theory, one offense is not considered a lesser included of another unless it is necessarily so under the statutory definition of the crime. *Larson v. United States*, 296 F.2d 80, 81 (10th Cir. 1961); *Little v. State*, 303 A.2d 456 (Me. 1973). The definition of lesser included offenses announced in *Little* is "that to be necessarily included in the greater offense 'the lesser offense must be such that it is impossible to commit the greater without having committed the lesser.' " At p. 458. Under this theory, count II would not be a lesser included offense because attempted robbery could be committed in a manner other than by the use of a deadly weapon.

Many jurisdictions have expanded the definition of lesser included offenses beyond the statutory theory and utilize what is called the "indictment" or "pleading" theory. *State v. Washington*, 273 Or. 829, 543 P.2d 1058, 1062 (1975); *People v. Cannady*, 8 Cal.3d 379, 105 Cal.Rptr. 129, 503 P.2d 585, 592 (1972); *State v. Armijo*, 90 N.M. 614, 566 P.2d 1152, 1154 (App.1977). Idaho has adopted this pleading approach both by

**3.** In *Blockburger v. U. S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), the Supreme Court stated the basic test for determining when two offenses are the same for purposes of double jeopardy:

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine where there are two offenses or only one is whether *each* provision requires proof

statute and by case law.[4] I.C. § 19–2312 provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

Further clarification has come from several cases. In *State v. Anderson*, 82 Idaho 293, 301, 352 P.2d 972, 977 (1960), the court held:

"This court has not followed [the] strict rule but in effect has held *that an offense is an included offense if it is alleged in the information as a means or element of the commission of the higher offense.*" (Emphasis added.)

The court also stated, 82 Idaho at 301, 352 P.2d at 976:

"The information in the case at bar charged the commission of the offense of reckless driving and driving while under the influence of intoxicating liquor as the means of charging the driving in reckless disregard of the safety of others which resulted in commission of the offense of negligent homicide. Where, as here, the information charges the crime of negligent homicide committed by means of reckless driving and driving while under the influence of intoxicating liquor, those offenses are necessarily included in the charge of negligent homicide."

In *State v. Hall*, 86 Idaho 63, 69, 383 P.2d 602, 605–606 (1963) the court defined lesser included offenses thusly:

"An 'included offense' is one which is necessarily committed in the commission of another offense; or one, the essential elements of which are charged in the information as the manner or means by which the offense was committed."

In *State v. Blacksten*, 86 Idaho 401, 387 P.2d 467 (1963), the court determined that aggravated assault, charged under the particular information, was an offense included in the charge of aggravated battery, in that

the assault was alleged as the manner and means of the commission of the battery and therefore was an included offense. In *State v. Hall*, 88 Idaho 117, 397 P.2d 261 (1964) the defendant had been charged with assault with intent to commit rape and attempt to commit rape. The court, following *Anderson, Blacksten* and I.C. § 19–2312, held that the attempt was the means by which the assault was committed.

"In the information here under consideration, the means by which defendant is alleged to have committed the offense 'assault with intent to commit rape' was by his attempt to assault with intent to have sexual intercourse with the prosecutrix. The attempt is alleged as the means by which the assault was committed." 88 Idaho at 123, 397 P.2d at 263–64.

It may be argued that this broader theory of lesser included offenses only applies to the situation where the prosecution or defense requests instructions on the lesser included offense. However, this is not the case. Both *State v. Hall, supra* 86 Idaho 63, 383 P.2d 602, and *State v. McCormick, supra*, involved situations analogous to the case at bar. In both, the question was whether the defendant could be *convicted* of the second offense or whether the conviction was barred because it was a lesser included offense. In *Hall* the court quoted the *Anderson* case cited above and others that defined a lesser included offense in the broader fashion stated above. In *McCormick*, the court quoted the definition from *Hall*, " '[a]n included offense' is one . . . the essential elements of which are charged in the information as the manner or means by which the offense was committed." In both *McCormick* and *Hall* the court found that the defendant could be prosecuted for both crimes charged. In *State v. Hall, supra* 86 Idaho 63, 383 P.2d 602, the second prosecution for robbery followed an acquit-

---

of an additional fact which the other does not." (Emphasis added.)

4. I.C. § 19–2312. *State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979); *State v. Boyenger*, 95 Idaho 396, 509 P.2d 1317 (1973); *State v.*

*Cariago*, 95 Idaho 900, 523 P.2d 32 (1974); *State v. Hall*, 88 Idaho 117, 397 P.2d 261 (1964); *State v. Hall*, 86 Idaho 63, 383 P.2d 602 (1963); *State v. Anderson*, 82 Idaho 293, 352 P.2d 972 (1960).

tal for murder while in *McCormick* both burglary and rape were charged in the same information. Both cases are factually distinguishable from the case at hand.

The fact that in this case the prosecutor only charged the one attempt, *i. e.*, by means of shooting at the door, distinguishes this case from the situation in *McCormick*. In *McCormick*, the defendant entered the house illegally. Upon entry, the crime of burglary was complete. He could have left right then and have been charged and convicted of burglary assuming that the intent to commit a felony could be shown. However, he did not leave, but stayed and committed the crime of rape. There were two separate events, (1) the entry, and (2) the rape. Here there is only one event charged, the shooting at the door of the victim's home. There is no separate event upon which to base the additional charge. If no shooting could be proved then no conviction could be sustained.

This case is also distinguishable from that found in *State v. Hall, supra* 86 Idaho 63, 383 P.2d 602, where the killing was alleged in the information to have been committed with malice aforethought and also as a product of a felony, i. e. robbery. Hall was acquitted of murder. He was later charged with the robbery. The court stated:

"The crime of murder may be committed without the commission of any of the felonies named in the statute, and the allegation that the homicide was committed while its perpetrators were engaged in a robbery does not charge that the robbery was the manner or means by which the murder was accomplished. . ."

The robbery was alleged only as a condition or circumstance characterizing the murder as first degree." 86 Idaho at 69, 383 P.2d at 606.

*But see, Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). In the case at hand the attempt to rob was carried out by shooting at the door of the victim, which was the same fact alleged in the charge of assault with a deadly weapon. It was alleged to be the manner or means by which the robbery was attempted.

The test for determining whether one offense is a lesser included of another is the same regardless of whether the determination is being made to decide if a requested instruction is proper or whether the determination is being made for the purposes of deciding if a defendant can be convicted of both offenses or only one under the double jeopardy clause. The same tests have been utilized by this court in a number of cases over the years. The same tests were used in *State v. Anderson, supra*, where the question was whether the court should have instructed the jury on the lesser included offense, in *State v. Hall, supra*, 86 Idaho 63, 383 P.2d 602, where the court quoted the *Anderson* definitions in determining whether a subsequent prosecution offended the prohibition against double jeopardy, and in *McCormick* where the question was whether a defendant could be convicted of two offenses both charged in the same information. The court has consistently utilized the broader definition of lesser included offenses that we apply to this case.[5]

---

5. In the recent cases of *State v. Werneth*, 101 Idaho 241, 611 P.2d 1026 (1980), and *State v. Horn*, 100 Idaho 192, 610 P.2d 551 (1980), the court only discusses the question of whether the two offenses charged in each case are the *same* for the purposes of double jeopardy under the *Blockburger* test set forth in note 3. *Blockburger* sets forth the minimum standards required so that the fifth amendment prohibition against double jeopardy is not violated. These cases do not stand for the proposition that only the *Blockburger* test is relevant in Idaho. In *Werneth* the question was not whether one charge was a lesser included of another, but whether the charge of embezzle-

ment by a bailee was the *same offense* as the charge of embezzlement by a corporate officer. Neither the appellant nor the respondent presented the broader test to the court in briefs or argument. The court found that these two charged offenses were not the same.

In *Horn*, the question was whether the kidnapping and robbery were one act such as to preclude double punishment. The defendant-appellant also did not present the broader test to the court although he did argue that I.C. § 18–301 precluded his being punished twice for the same act or transaction. The court held there were two separate acts. Even under the broader theory outlined above, an examination

In addition, I.C. § 18–301 prevents multiple prosecutions for various crimes which arise from the same act. *State v. Brusseau,* 96 Idaho 558, 559, 561, 532 P.2d 563–64, 566 (1975) (Donaldson, J. dissenting in part and concurring in part). There was only one act, shooting at the door of the victim. The defendant cannot be prosecuted for more than one crime arising from that act under I.C. § 18–301.

Appellant State also argues that there were two separate events at the home of the victim, (1) the initial attempted entry by the respondent's two companions, and (2) the firing at the victim's door by the respondent. While it may be argued that these two events are separate, thus separate crimes, the information is confined to charges arising from the shooting incident. The attempted robbery as defined by count I is alleged to have been attempted "against the will of [the victim], in that the defendant attempted to gain entry into [the victim's] residence with the use of a shot gun and fired said shot gun into the door of said [victim's] residence." If the prosecutor felt that there were essentially two attempted robberies, he would have to so charge. This was not done.

The State lastly argues that in reality the assault with a deadly weapon was the greater offense because the penalty is greater. We do not agree. The punishment for attempted robbery is one half of the sentence for robbery. (I.C. § 18–306). Under I.C. § 18–6503 robbery is punishable for not less than five years and may be extended to life. The punishment for assault with a deadly weapon is not more than five years (I.C. § 18–906). The appellant argues that since the appellant could be eligible for parole in ten years on a life sentence that half of "life" is five years. The court in *State v. Hall, supra,* 88 Idaho at 123, 397 P.2d at 264, addressed the very same argument and held that the penalty for the assault was not less than the punishment for the attempt, saying,

of the information in both cases reveals that in neither were the two convictions for the same

"Nor do we concur in defendant's contention that a greater punishment can be imposed for the commission of the lesser or included offense that can be imposed for commission of the greater offense charged. The penalty prescribed for the offense of 'assault with intent to commit rape' is imprisonment for a term of one to fourteen years, I.C. § 18–907; and for the offense of 'attempt to commit rape' is one-half of the punishment for the crime of rape, which by statute is fixed at imprisonment for a term of one year to life, I.C. § 18–6104, § 18–306. While a sentence of one-half of a life sentence cannot be calculated, a court is authorized to fix a base maximum sentence, for the offense of rape, at less than life, which base maximum may then be used as the basis to compute the sentence of one-half of such base to be imposed by the court for the offense of 'attempt to commit rape', and the actual sentence thus fixed may be less than the sentence imposed by I.C. § 18–908 for the offense of 'assault with intent to commit rape.' " (Citations omitted).

We therefore affirm the trial court's ruling, dismissing count II as a lesser included offense of count I.

II

The second and third issues raised by the State, both involve interpretation of I.C. § 19–2520 (see note 2). This section was enacted by the legislature in 1977, (1977 S.L., ch. 10 § 1, p. 20). Basically the section provides that the court must impose an enhanced sentence of three years to fifteen years for the use of a firearm in the commission of sixteen enumerated felonies. The State argues first that the court erred in not applying the provisions of this section to count I, attempted robbery. Attempted robbery is not one of the enumerated offenses listed in the section. The State argues that if assault with a deadly weapon is a lesser included offense of attempted robbery (and we now hold that it is) then by

offense such as to offend the prohibition against double jeopardy.

implication, assault with a deadly weapon has been committed with the use of a firearm and the provisions of I.C. § 19–2520 should apply. We do not agree.

 It is well settled principal of law that criminal statutes must be strictly construed. W. LaFave and A. Scott Jr., Criminal Law (1972) § 11 pp. 83–84; *McBoyle v. United States*, 283 U.S. 25, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816, 818 (1931). This principle extends not only to the elements of the substantive crime, but also to the sanctions potentially involved. *United States v. Evans*, 333 U.S. 483, 495, 68 S.Ct. 634, 640, 92 L.Ed. 823, 831 (1948). Idaho has explicitly followed the above principles of law. In *State v. Hahn*, 92 Idaho 265, 267, 441 P.2d 714, 716 (1968), the court stated:

> "A statute defining a crime must be sufficiently explicit so that all persons subject thereto may know what conduct on their part will subject them to its penalties. A criminal statute must give a clear and unmistakable warning as to the acts which will subject one to criminal punishment, and courts are without power to supply what the legislature has left vague. An act cannot be held as criminal under a statute unless it clearly appears from the language used that the legislature so intended" (Citations omitted.).

Following the above principles, we hold that the court was correct in not applying the provisions of I.C. § 19–2520 to the punishment given under count I. Attempted robbery is not one of the enumerated offenses, nor is there any inference that conviction of attempt of the listed offenses comes within the provisions of the statute. Assault with a deadly weapon is one of the offenses but it must appear clearly from the language of the statute that the legislature intended to include such greater offenses from which one of the sixteen enumerated offenses might emanate before the court could utilize the provisions of the statute to enhance the sentence of the unenumerated greater offense. No such intention appears. The enhancement provisions of the statute cannot be imposed on a

sentence given for conviction of the attempted robbery.

III

 The third issue raised by the appellant also involves the interpretation of the provisions of I.C. § 19–2520. The appellant argues that the court erred in not utilizing the section to enhance the punishment given the respondent under count III as a co-principal. Thompson testified at the sentencing hearing that when the Fort Hall police stopped their stolen truck, Karl was driving. After Karl got out, Thompson, at Russell's direction, slid into the driver's seat, told Karl to jump in the back and then "took off." He further stated that Russell threw one gun out and then handed the other to Karl, who was in the rear bed of the truck. Thompson had the shells in his pocket which he gave to Russell, who passed them back to Karl. The officers who were giving chase testified that they observed a gun being handed from inside the cab to Karl in the rear of the truck. Shots were fired at the officers by Karl. The police did not see the other gun being thrown out of the truck. The question, then, is who comes under the provisions of I.C. § 19–2520. The language of the statute in issue is: "*Any person* convicted of . . . *who* carried, displayed, used, threatened, or attempted to use a firearm while committing the crime, shall, . . . be imprisoned . . . ." (Emphasis added.) Again, as this statute has never been interpreted by this court, we must rely on the general principles of statutory construction outlined above. Following the rule outlined in *State v. Hahn, supra*, we hold that only the person who actually used the gun can be subjected to the enhancement provisions of I.C. § 19–2520. "[The] courts are without power to supply what the legislature has left vague." *Supra* 92 Idaho at 267, 441 P.2d at 716; *see State v. Burns*, 53 Idaho 418, 23 P.2d 731 (1933). "Ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Busic v. United States*, 27 Cr.L. 3109, 3112

**438**

(1980).[6] While the language of the statute clearly imposes enhancement of sentence provisions on the one *who actually has the firearm*, it is not evident from the language of the statute whether the legislature intended to apply the enhancement provisions to co-principals. One of the few cases to address this exact issue is *State v. Hicks*, 38 Or.App. 97, 589 P.2d 1130 (1979). In *Hicks* the court in interpreting a statute that is similar to I.C. § 19–2520[7] held that only persons who have actual physical possession of guns during the commission of felonies are subject to the enhancement provisions. As in I.C. § 19–2520, the provisions of ORS 166.230(1) do not create a separate crime but only provide for enhanced penalties. The Oregon court based its holding on what we find to be two persuasive grounds:

(1) That the plain meaning of the words in the statute, "[a]ny person who commits . . . any felony . . . while armed" means that liability is personal and not vicarious, the terms only apply to the person who is armed; and

(2) That the statutory basis for vicarious criminal liability refers only to situations where one can be guilty of a crime based on the conduct of another and here the statute does not create a crime but only provides for enhanced penalty: See I.C. § 18–204.

While the appellant may be correct that it was the legislative intent to deter not only a person who actually possesses a gun, but all principals involved in a crime in which a dangerous weapon was employed, we cannot make such an interpretation for the legislature when no such intention appears from the language of the statute. To hold otherwise would be supplying what the legislature left vague and this we cannot do. *United States v. Evans, supra* 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823; *Busic v. United States, id.* The court was correct in refusing to enhance the sentence imposed.

We therefore affirm the trial court's judgment in its entirety.

DONALDSON, C. J., and BISTLINE, J., concur.

SHEPARD, J., concurs in part I and II, but dissents as to part III.

BAKES, J., concurs in parts II and III, but dissents as to part I.

SHEPARD, Justice, concurring and dissenting.

I concur in the result obtained by the majority in Parts I and II of the majority

---

**6.** In *Busic* the defendant was convicted of two counts of armed assault (18 U.S.C. § 111) on federal officers as a co-principal. The statute defining this crime provided for an enhanced sentence for the use of a firearm. The court sentenced the defendant to the enhanced sentence and then further enhanced his sentence utilizing the general enhancement provisions of 18 U.S.C. § 924(c). The defendant challenged this "double" enhancement. The Supreme Court held that the provisions of 18 U.S.C. § 924(c) could not be applied to a defendant who uses a firearm in the course of a felony that is proscribed by a statute which itself authorizes enhancement if a dangerous weapon is used. The sentence received may only be enhanced under the provision in the statute defining the felony he committed. The court allowed the enhancement to stand under 18 U.S.C. § 111. This case is distinguished from the case at bar because (1) the enhanced sentence given the co-principal in *Busic* emanated from the specific criminal statute itself and not from a general enhancing provision; and (2) 18 U.S.C. § 924(c) creates a separate crime rather than being an enhancement provision. *U. S. v.*

*Soria*, 519 F.2d 1060 (5th Cir. 1975); *U. S. v. Ramirez*, 482 F.2d 807 (2d Cir. 1973) *cert. denied. sub nom. U. S. v. Gomez*, 414 U.S. 1070, 94 S.Ct. 581, 38 L.Ed.2d 475 (1973), *U. S. v. Vigil*, 458 F.2d 385 (10th Cir. 1972). I.C. § 19–2520 is an enhancement provision and does not create a separate crime.

**7.** ORS 166.230(1) states:

"Any person who commits or attempts to commit any felony within this state while armed with any pistol, revolver, machine gun or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm, upon conviction of the felony or of an attempt to commit the felony, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the penitentiary for not more than 10 years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he stands convicted and shall not run concurrently with such sentence."

opinion. I dissent as to Part III of the majority opinion.

It is clear that defendant Thompson was charged with, pleaded guilty to, and was sentenced for assault with a deadly weapon in that he "did make an assault upon the person of Danford Dann and Leo T. Ariwite, police officers of the Fort Hall Tribal Police, with a deadly weapon, to wit: a shotgun, by firing said gun at and toward the Fort Hall Tribal Police car in which said Danford Dann and Leo T. Ariwite were riding and hitting said vehicle with buckshot." The majority has no problem with that conviction and the sentence imposed therefor, albeit defendant Thompson did not pull the trigger of the weapon which fired the shots which struck the police vehicle. Clearly, what is sauce for the co-principal under the assault with a deadly weapon statute is a horse of a different color under the firearm enhancement statute. I discern no rationale for the different results.

As indicated by the majority opinion, the instant case is the first interpretation by this Court of the provisions of I.C. § 19–2520. (the enhancement statute). I discern much mischief which may follow from the result obtained by the majority in its interpretation of this statute. The majority does not tell us why I.C. § 18–204, which provides, "all persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission * * * are principals in any crime so committed," (emphasis added) has no application to the enhancement statute. The majority opinion merely tells us that the enhancement statute is vague as to its application to co-principals.

The majority relies upon *State v. Hahn*, 92 Idaho 265, 441 P.2d 714 (1968). As I view *Hahn*, the only language of any relevancy to the present issue states, "a statute defining a crime must be sufficiently explicit so that all persons subject thereto may know what conduct on their part will subject them to its penalties." *Id.* at 267, 441 P.2d at 716. However, as McFadden, J.

stated in his dissent in *Hahn* "consideration of a statute and its purposes and scope must be given not 'in vacuo,' but in light of other existing legislation. * * * It is my view that we must construe [the statute] in a reasonable manner to effectuate the purpose of the legislature." *Id.* at 270, 441 P.2d at 719.

Thus, in the instant case, I believe it clear that the legislative purpose of I.C. § 19–2520 (the enhancement statute) is to control and inhibit the violence which does or may result from the utilization of firearms in the commission of certain crimes. The legislature has clearly said that any person convicted of certain crimes while carrying, displaying, using, threatening, or attempting to use firearms while committing the crime shall have their sentence for the crime enhanced. Here, it is clear that defendant Thompson was convicted of the crime of assault with a deadly weapon in shooting at the police officers. It is clear he was at least at one time in possession of the particular firearm, had the shells in his possession, that the weapon was passed to another, that the shells were passed on, and that the person who actually pulled the trigger was encouraged to fire at the police officers. To hold that the enhancement statute cannot be applied to a co-principal is, in my judgment, a clear frustration of the legislative purpose shown by the literal language of I.C. § 19–2520 without any rationale therefor. To refuse application of the enhancement statute under the circumstances of the instant case is, in my judgment, utterly without reason.

BAKES, Justice, concurring and dissenting:

I concur in Parts II and III of the majority opinion, but dissent as to Part I.

As to Part I, the majority affirms the trial court's dismissal of count II on the ground that it was a lesser included offense with count I, and that conviction on both counts would be prohibited by the double jeopardy clause of the United States Constitution.

Assuming that count II was a lesser included offense, I do not see that as constituting grounds for dismissal of the count. Certainly the defendant did not raise that as an issue, having pleaded guilty to it and not made any motion to dismiss. The trial court dismissed on its own motion. While I.C. § 18–301 may have precluded the trial court from sentencing on both counts I and II, *see State v. Horn,* 100 Idaho 192, 610 P.2d 551 (1980); *State v. Brusseau,* 96 Idaho 558, 532 P.2d 563 (1975), it would not have precluded the trial court from entering a conviction on both counts.

As to the double jeopardy argument of the majority, the Supreme Court of the United States has now made it clear that:

"The *only* function the Double Jeopardy Clause serves in cases challenging multiple punishments is to prevent the prosecutor from bringing more charges, and the sentencing court from imposing greater punishments, than the Legislative Branch intended. . . . 'Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.' *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)." *Whalen v. United States,* 445 U.S. 684, 697, 100 S.Ct. 1432, 1441, 63 L.Ed.2d 715 (1980), [Blackmun, J., concurring].

I.C. § 18–301 permits a defendant to be twice prosecuted and convicted, but not twice sentenced, for the same act, *State v. Horn, supra, State v. Brusseau, supra,* and thus under the *Whalen* case no double jeopardy violation occurs.

The majority's reliance on I.C.R. 48(a)(2) presumes that the trial court thought that the "ends of justice" required the dismissal. However, the trial judge never relied on I.C.R. 48(a)(2). He dismissed count II only because he thought it was a lesser included offense. For all we know the trial court may have thought that the "ends of justice" were not being served by the dismissal, but that he had no choice. As far as the record

on appeal shows, the dismissal of count II was solely because the trial court thought it to be a lesser included offense with count I. In my view, a dismissal for this reason was incorrect.

I would reverse the trial court's dismissal of count II and remand the matter for resentencing, the sentence to be imposed with due consideration for the limitations set out in I.C. § 18–301. *State v. Horn, supra; State v. Brusseau, supra.*