**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51021**

| | |
|---|---|
| JACKIE SHAYDE SEDILLO, | ) |
| | ) **Filed: April 23, 2025** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Mark T. Monson, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Nevin, Benjamin & McKay, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jackie Shayde Sedillo appeals from a judgment summarily dismissing his amended petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Sedillo pled guilty to two counts of possession of stolen property, two counts of grand theft auto, one count of armed robbery, one count of eluding an officer, one count of unlawful possession of a firearm, and one count of exhibition of a deadly weapon. Sedillo appealed, asserting the district court abused its discretion by imposing excessive sentences. We affirmed Sedillo's judgment of conviction and sentences in an unpublished opinion. *State v. Sedillo*, Docket No. 45171 (Ct. App. May 24, 2021). Relevant to the current appeal, the district court imposed a

1

determinate period of confinement of two years for grand theft auto (I.C. § 18-2403(1)) and a unified term of twenty years, with a minimum period of confinement of five years, for armed robbery (I.C. § 18-6501), to be served consecutively.

Thereafter, Sedillo filed a pro se petition for post-conviction relief. The district court appointed Sedillo counsel, and he filed an amended petition. In the amended petition, Sedillo alleged: (1) his conviction for one of the grand theft auto counts in conjunction with this armed robbery conviction violated the Double Jeopardy Clause of both the United States and Idaho Constitutions; and (2) ineffective assistance of counsel. The State filed a motion for summary dismissal. Following a hearing, the district court granted the motion. The district court concluded it was not required to address the substance of Sedillo's double jeopardy claim because the claim could have been raised in a direct appeal; and therefore, Sedillo is precluded from pursuing the claim in post-conviction. The district court nevertheless analyzed the merits of Sedillo's double jeopardy claim in the context of ineffective assistance of counsel and concluded a double jeopardy challenge would not have been successful. Sedillo appeals from the district court's judgment summarily dismissing his amended post-conviction petition.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Sedillo contends the district court erred in summarily dismissing his claim that trial counsel was ineffective for failing to make double jeopardy objections to the judgment of conviction and consecutive sentences for one count of grand theft auto and the armed robbery of the same vehicle. The State responds that the district court correctly dismissed Sedillo's double-jeopardy-based ineffective assistance of counsel claim.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima

facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Whether a defendant's prosecution complies with the constitutional protection against being twice placed in jeopardy is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000). The Double Jeopardy Clause affords

4

a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001).

Under the Idaho Constitution, Idaho appellate courts apply the pleading theory in determining whether a charge constitutes a lesser-included offense. *State v. Thompson*, 101 Idaho 430, 434-35, 614 P.2d 970, 974-75 (1980). In analyzing the applicability of the pleading theory, a court must consider whether the terms of the charging document allege that both offenses arose from the same factual circumstances such that one offense was the means by which the other was committed. *Id.* at 435, 614 P.2d at 975.

Sedillo argues that, under the pleading theory, he could not be convicted and sentenced for both grand theft auto and armed robbery. He argues that the armed robbery charge he pled guilty to could not be completed without the grand theft auto charge he also pled guilty to and contends "the criminal conduct was part of one continuing event or transaction constituting a single violation as it occurred at the same place and same time, involved the taking of the same property, and victimized the same person." Thus, Sedillo asserts grand theft auto is a lesser-included offense of armed robbery in his case.

The face of the record shows that, as pled, grand theft auto is not a lesser-included offense of armed robbery. As to the challenged grand theft auto count, the charging document alleged:

COUNT II.
GRAND THEFT AUTO
Idaho Code § 18-2403(1) and I.C. §18-2407(1)(b)(1)

That the Defendant, JACKIE SHAYDE SEDILLO, on or about the 3rd day of September, 2019, while in the County of Idaho, State of Idaho, did wrongfully take, obtain or withhold property with the intent to deprive the owner of the property and/or to appropriate the property to himself or a third person, to wit: [Sedillo] took a 2000 BMW, VIN#WBABM3347YJN86051, bearing Idaho license plate I75231, with a value in excess of $1,000.00, belonging to [Victim], with the intent to deprive [Victim] of the property and/or to appropriate the property to himself or a third person. That such acts constitute a felony in violation of Idaho Code § 18-2403(1) and I.C. §18-2407(1)(b)(1).

As to armed robbery, the charging document alleged:

COUNT IV.
ARMED ROBBERY

5

Idaho Code §18-6501 and §18-6502
That the Defendant, JACKIE SHAYDE SEDILLO, on or about the 3rd day of September, 2019, while in the County of Idaho, State of Idaho, did intentionally and by means of force or fear take from the possession of [Victim] certain personal property, to-wit: a 2000 BMW, VIN#WBABM3347YJN86051, bearing Idaho license plate I75231, the property of [Victim] which was accomplished against the will of [Victim] in that [Sedillo] brandished a pistol and forcefully drug [Victim] out of his vehicle, the 2000 BMW, VIN#WBABM3347YJN86051, bearing Idaho license plate I75231 and threatened [Victim] with a gun if the said [Victim] did not turn over the 2000 BMW, VIN#WBABM3347YJN86051, bearing Idaho license plate I75231. That such acts constitute a felony in violation of Idaho Code §18-6501 and §18-6502.

Theft, as defined in I.C. § 18-2403(1), is not a lesser-included offense of robbery, as defined in I.C. § 18-6501, because theft requires proof of an element that robbery does not require. Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." I.C. § 18-6501. However, a "person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof." I.C. § 18-2403(1). As apparent from the definitions, theft requires proof of the intent to deprive the owner of the property and/or to appropriate the property to himself or a third person. In contrast, robbery does not require proof of such intent. Additionally, robbery requires proof of force or fear. This element is not included in the definition of theft under I.C. § 18-2403(1). Therefore, grand theft auto is not a lesser-included offense of armed robbery even if the property at issue is the same.

Sedillo relies on two out-of-state cases in support of his double jeopardy argument. First, Sedillo cites *Tennessee v. Hayes*, 7 S.W.3d 52, 56 (Tenn. Crim. App. 1999) in which the appellate court concluded (in part) that, because the theft charge was "wholly incorporated into the offense of aggravated robbery," the offenses were "the 'same' under *Blockburger* [*v. United States*, 284 U.S. 299 (1932)]." As explained above, that principle does not apply to the offenses Sedillo pled guilty to because both offenses had a different element not included in the other. Second, Sedillo cites *Utah v. Branch*, 743 P.2d 1187 (Utah 1987). In *Branch*, the court applied the criteria from a Utah statute in determining whether theft was a lesser-included offense of aggravated robbery in that case. The pertinent statutory provision provides that a charge is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission

6

of the offense charged.  *Id.* at 1191 (citing Utah Code Ann. § 76-1-402(3)(a) (1978)).  There is no comparative statute in Idaho that would require the same result the court reached in *Branch*.

Because Sedillo's judgment of conviction and sentences for grand theft auto and armed robbery do not violate the constitutional prohibitions against double jeopardy, counsel was not deficient for failing to raise a double jeopardy claim, nor was Sedillo prejudiced by counsel's failure to do so.  *See Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008) (explaining that where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test).  The district court did not err in its summary dismissal decision.

**IV.**

**CONCLUSION**

Sedillo failed to show that his trial counsel's performance was deficient for failing to raise a double jeopardy challenge.  The district court did not err in summarily dismissing Sedillo's amended petition for post-conviction relief.  The judgment granting summary dismissal of Sedillo's amended petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.